OPINION of the Court, by
Judge Trimble
material question to be decided is, whether the oral testimony, set forth in a bill of exceptions tendered by the plaintiff in error, who was defendant in the court below, was or was not legally admissible ? It appears that the plaintiff in support of his action, gave in evidence, a writing containing an account of various articles of produce (and amongst them 131 barrels of flour) furnished by the plaintiff to the defendant, with the respective prices of each article annexed, which were added up, forming an aggregate sum of £. 309 2s. at the foot of which account is the following words, to wit:
“The above amount of the articles above mentioned, “ I have received of Thomas White, this 11th of April Í 801.” Signed, “ CH. QUERRY”
The plaintiff then offered oral testimony, to prove that it was part of the original agreement, although it was not inserted in the writing aforesaid, that the said defendant should pay the sum of fifty dollars, over and above the sum mentioned in the writing aforesaid, provided that flour should sell at New-Orleans that year at seven dollars and a half per barrel, or over that sum ; to the admission of which oral testimony the defendant objected ; but the court overruled the objection, and admitted the evidence j to which opinion the defendant excepted.
If the amount had specified only the quantum of the articles of produce delivered, and had been wholly silent as to the prices, no doubt is entertained that oral testimony might have been given of their value, or of the. prices agreed on between the parties ; but parol evi *272 dence could not háve been received, to enlarge or ⅜ minish the quantum of the articles specified in the writing, unless it went to shew that a mistake had been made, or a fraud practised, in stating the amount.*
The writing is however not silent as to the prices of the articles of produce, but affixes to each article its corresponding price. Parol evidence would be inadmissible on the part of Querry, going to shew he had not agreed to those prices, but had agreed to pay a less sum, and was only to pay the prices annexed upon the happening of some contingency hot expressed in the writing ; because such evidence would be in contradiction to the writing, or at least would go to enlarge or diminish its natural and legal import. For similar reasons the oral testimony offered by White was inadmissible. The account with the receipt annexed, furnished written evidence both of the quantum of articles furnished, and of the prices agreed to be paid for them. To admit oral testimony, going to shew Querry had agreed to pay a larger price, either conditionally, or unconditionally, would be to contradict the written evidence of the contract between the parties. This is prohibited by the settled rules of evidence. We are therefore of opinion, the evidence offered was inadmissible.
Judgment reversed.

 Accordingly, Hanly vs. Moorman, April 1815 — In covenant to pay Tobacco by instalments, the defendant pleaded an agreement made between the plaintiff and h*mself, prior to the time when the inftalments respectively became payable, that the defendant ihould keep the Tobacco at his own house, ready to be delivered to plaintiff at any time thereafter, when he should be no* lifted by the plaintiff', and averred a compliance — upon demurrer, the court below sustained the plea $ upon error brought, the judgment of the court below was reversed- “ The agreement, (say the court) was not alleged by the plea to be in writing ; and if it were in writing it does not appear to have been made subsequent to the ftatute, giving to written agreements the dignity of sealed instruments” — (t A contract dissolving anothert must be of as high a nature as the one to be dissolved or defeated — —.”