Chief Justice SmrsoN
delivered tlie opinion of the Court.
This was a warrant for a forcible detainer sued out by Bargas and wife, against Eichart. The inquest of the jury was in favor of the defendant. The plaintiffs traversed the inquest, and upon the trial in Court,, the jury found the defendant guilty of the forcible de-tainer complained of. The Cornt entered a judgment of restitution, and the defendant has appealed.
The plaintiffs read as evidence upon the trial, a lease-in the following words, viz:
“Caroline Huber leases unto Daniel Eichart for the term of three years, from and after the 25th September 1850, for and in consideration of the covenants and agreements on the part of said Eichart, hereinafter mentioned, the shop lately used by John Huber, now deceased, on the West side of Brook street, between Main and Market, in Louisville, Ky., and the yard— reserving to herself the use of the yard to put fuel in, access and use of the back building*.
*463 “ For the rent of which, the said Eichart promises to pay to said Caroline, six dollars and twenty-five cents per month at the end of each month during this lease; and said Eichart is to keep said shop and the premises rented to him, in good repair, and to deliver the same to said Caroline at the end of the lease in as good repairas the same are now, usual wear, natural decay, and casualties excepted. If the said shop should be destroyed by fire, without any fault on part of said Eichart, then he may surrender the lease, and pay only W'hat rent shall be then due. If said Eichart shall at any time fail for ten days to pay the rent of any month, after the same shall become due, then the said Caroline may, without process of law, take possession of said shop and premises, and hold the same, or if she shall so elect she may bring suit for forcible detainer, and eject said Eichart from the shop and premises, and the bare non-payment of the rent for ten days after due, shall be sufficient to enable her to maintain said suit without giving notice.
Witness our hands and seals, this 25th Sept. 1850.
Caroling Huber, [l. s.]
Daniel Eichart, [l. s.]
The marriage of Caroline Huber to the plaintiff Bar-gas, and that one month’s rent falling due on the 25th day of July, 1851, was unpaid, and that on the 6th day of August thereafter, the ten days having then elapsed, Bargas and wife demanded possession of the leased premises, which the defendant refused to surrender, were facts also proved upon the trial.
The defendant moved the Court to instruct the jury, that before a condition of re-entry can be taken advantage of by a lessor, he must demand the rent on the day it is payable- on the leased premises, where no other place of payment is fixed by the lease. The Court refused to give that instruction, and the question to be determined is, whether or not it should have been given.
To enable a landlord 10 avail himself of the remedy by re-entry for ibe non-pnvmentof rent, demand must be mude on i he day Die rent is payable, and nt the most notorious place on the premises, if po other place is designated: Tillinghast’s Adams, 161. (7 Bacon, Title Rent, 26.) Bnt when the right of re-entry is stipulated for, w i t h o tt t demand, defendant is bound to bow readiness to pny when due 7 Bacon, Title Reni9 28.
A stipulation in ta lease that Die bare non-payment of rent for 10 days after due, shall give a iight to sue with out notice, will be sufficient to -dispense with rhe necessity of demand or notice befóte bring mg forcible de-taiiaer.
There is a material difference between a remedy by re-entry, and any other legal remedy for the non-payment of rent, no demand being necessary except in the case first mentioned.
. 'But the doctrine is well settled, that to enable a landlord to avail himself of a remedy by re-entry for the non-payment of rent, a demand of the rent must be made on the day it is made payable, at,the most notorious place on the leased premises, unless a place is appointed where the rent is payable, in which case the demand must he made at such place: Tillinghast's Adams, 161. (7 Vol. Bac. Ab., Title Rent, 26. But when the right of re-entry is given to the lessor without any demand, then the lessee has undertaken to pay it whether it be demanded or not, and as he has dispensed with the demand, he is required to make actual proof that he was ready to tender and pay the rent when due: 7 Bacon's abridgeme.nt, same title, page 28.
If then, by the terms of the lease, a demand was dispensed with, proof that a demand had been made was unnecessary. Unless however, it was dispensed with, it was incumbent on the plaintiffs in the warrant to prove that the rent had been demanded on the leased premises on the last day allowed for its payment'.
By’ the terms of the lease, a'failure of the lessee for ten days to pay the rent of any month, after it became due, gave to the lessor a right of re-entry, and if the lease had not contained any other stipulation, a demand of the x-ent on the leased premises on the tenth and last day, would have been necessary. But the lease contains an express stipulation, that “the bare nonpayment of the rent for ten days afierdue, shall be sufficient to enable her to maintain said suit without giving notice.” This part of the lease was not made for the purpose of giving to the tenant ten days after the expiration of the month to pay the rent — that had been done by a previous clause in the lease. The parties intended to effect some other object by itá insertion.- It was evidently designed as a dispensation of every act *465 on the part of the lessor, which otherwise would have been necessary to have enabled her to avail herself of the right of re-entry. The bare non-payment of the rent for ten days after it became due, was to be sufficient to enable her to maintain her suit for forcible de-tainer, without giving any notice. If, however, a demand of the rent was still necessary, then a bare nonpayment of the rent for ten days after it became due, did not enable her to maintain her suit, but the law imposed on her an additional duty contrary to the express stipulation of the parties contained in the lease. The natural import of the language used, is, that the bare non-payment of the rent for ten days after it falls duey shall be of itself, without any notice or demand to pay the rent, or to surrender the premises, sufficient to enable the lessor to maintain her suit. Such, we are convinced, was the intention and understanding of the parties, and this construction of the lease will carry their intention into effect. The Court, therefore, did not err in refusing to give said instruction.
Pilcher and Hauser for appellant; Harrison for ap-pellee.
Wherefore the judgment is affirmed.