JUDGE ROBERTSON
delivered the opinion op the court:
The appellees, as tenants of Young, who transferred the lease to Poor, of a store-house in the city of Louisville, reserving a rent of fifty dollars a month, and a right to re-enter and “ annul” the lease for non-payment of any month’s rent within ten days’ after it became due,' sub-let to Foster at the price of one hundred dollars a month, with their landlord’s consent. Foster sub-leased to the appellant, Wilson, and, shortly afterwards, Wilson being in possession, Poor entered, and, inducing him to attorn *174 to him and agree to pay him the rent at the rate of one hundred dollars a month, notified the appellees that, as they had failed for ten days to pay the October rent, he had, on the 13th of November, 1865, exercised his elective right of entry and annulment. But, on the same day, he received from them the rent for the preceding month of October, and, nevertheless, refused to waive the forfeiture, which he claimed as rightful. Afterwards, the appellant, repudiating the appellees, paid to Poor one hundred dollars a month for the months of November and December; and, on the 3d of February, 1866, appellees brought this suit in equity to be relieved from the forfeiture, and compel the appellant to pay them for said two months two hundred dollars, the amount which Foster had agreed to pay; and the chancellor decreed according to the prayer.
Poor’s entry and retention of possession were legal lights; but equity considex-s such general stipulations for entx’y by the landlox*d as intended for securing the rent, and not for forfeiting the lease if the tenant shall have acted in good faith, and shall promptly pay the rent when demanded, or befoi’e the landlord shall have suffered loss or unreasonable inconvenience from the delinquency.
Here, it is not pretended that Poor suffered any loss or inconvenience from two days’ delay in making payment ; and it is apparent that this slight default was not intentional, but was merely accidental or inadvertent. And, therefore, the chancellor rightfully adjudged that there should be no forfeiture of the lease to the appellees.
But the appellant’s counsel insist that this case is excepted from the application of the foregoing principle of equity by the following stipulation in the lease, which they treat as a binding provision against equitable intervention ; that is, that the lease itself, as duplicated, should *175 be “ sufficient notice of the rent’s being due, and of the demand of the same; and shall be so construed between the parties, any law, usage, or custom to the contrary notwithstanding.” The counsel interpret “ any law, usage, or custom” as providing against any principle or practice of equity affecting the specific contract for forfeiture by entry.
But this is not so. These words clearly refer only to notice and demand which, without some agreement dispensing with them, “ law, custom, or usage” might require. And they as clearly do not apply to the effect of re-entry or the equitable principle against forfeiture.
As a necessary consequence of the chancellor’s remission of the forfeiture, the appellees are entitled, by privity of both contract and estate, to the rent which Foster agreed to pay them for November and December, as adjudged by the chancellor; but who should be required to pay them might be a debatable question. The appellant is not exonerated by mispayment to Poor; but, as between him and Poor, equity would devolve on Poor the payment of at least as much as he received from him.
The state of the pleadings, however, did not allow a judgment against Poor in favor of the appellees. The petition neither made Poor a party nor asked for any judgment against him; and the appellant’s cross-petition against him is yet undisposed of. There is no. judgment in Poor’s favor, nor has he been made an appellee. The case between him and thé appellant remains for ulterior decision by the chancellor.
In this state of case, the chancellor seems to have properly cast the immediate burden on the appellant, who may yet obtain indemnity from Poor on his cross-petition against him.
Wherefore, the chancellor’s judgment is affirmed.