JUDGE HARDIN
delivered the opinion of the court:
This was an action against the appellants, as owners of the Kentucky Central Railroad, to recover for damage alleged to have been done to a melodeon while in their possession for transportation from Covington to Paris, in Kentucky.
The appellants by their answer placed their defense upon two grounds:
1. Admitting that they received from the plaintiff’s agent, at their depot at Covington, for transportation over their road, two boxes marked “ fancy goods,” they aver they had no knowledge or information on which to found a belief as to whether said boxes contained a melodeon, or what they did in fact contain, or as to its value, or whether it was or not damaged at the time; and deny that they receipted for said boxes and their contents as being in good condition, but aver they only receipted for them in apparent good condition, and that they delivered them to the consignee at Paris in like apparent good condition. They deny that the melodeon was injured by them or their agents while it was in their possession.
2. That upon their road the charges for the transportation of musical instruments were much greater than for the transportation of “fancy goods,” because of the great care and attention required for the safe transportation of such instruments; but that the plaintiff, in order to avoid the payment of the just and usual charges upon said melodeon, and to procure its transportation by defendants for a much less sum than they were entitled to for said service, falsely represented to defendants’ agents that *457 said boxes contained “ fancy goods,” by marking upon them the words “ fancy goods,” thereby designing to deceive them as to the contents of the boxes, for the purposes aforesaid, thereby leaving the defendants in ignorance of the contents of the boxes, and thus preventing them from bestowing upon them the care and attention •which was necessary.
The law and facts being submitted to the court without the intervention of a jury,, the court rendered a judgment against the appellants for $500; and a new trial having been refused them, they have appealed to this court.
On the trial, the plaintiff produced a receipt signed by the appellant’s agent, given to Enoch Taylor, of Cincinnati, a forwarding merchant, to whose care the boxes had been consigned, which seems to have been prepared by filling up a form used for steamboat shipping, and is as follows: “ Shipped, Cincinnati, March 25th, 1865, in good order and well-conditioned; by Enoch Taylor, on board the good Kentucky Central railroad, the following articles described below, which are to be delivered, without delay, in like good order and condition, the unavoidable dangers of the river and fire excepted, at the port of Paris, unto T. Boss or assigns, he or they paying freight for said goods at the rate of tariff and charges. In witness whereof, the owner, master, or clerk of said boat hath affirmed to — bills of lading, all of the above tenor and date, one of which being accomplished, the other to be void.”

Marks. Articles. Freight.

W. Amende, Care T. Boss, Paris, Ky. 2 Boxes, P. G. $6 65.
“H. I. Lewis.”
*458 It appears from the evidence embodied in the bill of exceptions, that the two above described boxes contained a melodeon, which belonged to the appellee, Amende, which, by the usual course of transportation from Europe to this country, had been forwarded from Bremen, in Germany, and, after being opened at the custom-house in New York, was sent forward by way of Albany, Buffalo, and Cleveland, with the usual transhipments, to Cincinnati, Ohio; and was thence, in the care of Taylor, taken to Covington, and delivered to the appellant’s agents, who delivered the boxes to Boss, the consignee at Paris, in the same apparent condition in which they received them. It is shown that on the boxes being opened, after they came to the hands of Boss, it was discovered that the melodeon, which, if uninjured, would have been worth near one thousand dollars, had been so broken and injured as to impair it in value at least five hundred dollars ; and that the injuries were of such a character as to indicate that the instrument had been taken from the boxes and literally broken up.
When, how, or by whom the damage was done, is not shown; and the proof of the facts and circumstances attending the transit of the instrument from the New York custom-house to Paris, Kentucky, furnishes no satisfactory answer to this inquiry. Indeed, the evidence leaves it uncertain whether the instrument was or not broken before or at the time it was opened at the customhouse in New York.
Waiving the question of fraud presented by the second paragraph of the answer, we are clearly of the opinion that the evidence did not authorize the judgment of the court, unless the appellants were concluded by their bill of lading from denying that the contents of the boxes *459 were in good condition when they were delivered to them.
Supposing, as we do, that the circuit court construed the bill of lading to be conclusive evidence, not only of the condition of the boxes, from their external appearance, but of the quality and condition of their contents, the correctness of that construction presents the only remaining question necessary to be determined.
And we do not regal’d this as an open question. In the case of Gowdy & Co. vs. Lyon, &c. (9 B. Monroe, 112), involving the construction and legal effect of a bill of lading given by the agent of the owners of the steamboat Gondolier, in which it was acknowledged that certain boxes of merchandise were “ shipped in good order and well conditioned,” it was decided by this court that the expression contained in the bill that the goods were shipped “in good order and well conditioned,” should be considered as referring to the exterior and apparent condition of the boxes, and to their internal condition only so far as it might be inferred from external appearances. This, we think, is the construction which should be given to the bill of lading executed by the appellants’ agent.
Wherefore, the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.