CASE 13.—ACTION BY CHARLES T. AUFENCAMP AGAINST J. F. STORCH.—April 28, 1910.

## Aufenkamp v. Storch.

Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

Wm. H. Field, Judge.

Judgment for defendant, plaintiff appeals.—Reversed.

1. Evidence —Parol Evidence—Written Lease.—In the absence of mistake or fraud, a lease reduced to writing and describing the property leased is conclusive on the issue of what property is included therein; and parol evidence is inadmissible to add to its terms.

2. Landlord and Tenant—Forcible Detainer—Pleadings—Issues —A tenant in forcible detainer before a magistrate, who claims the premises under a lease which by mistake or fraud did not include the property, need not set forth written pleadings of fraud or mistake, but he must show as a matter of fact that the property in controversy was rented to him, and that by fraud or mutual mistake it was omitted from the lease.

3. Landlord and Tenant—Terms of Lease—Mutual Mistake.— Where a written lease of a store and fixtures, etc., did not include a stable, the tenant could not hold possession of the stable, unless the landlord did lease the stable, and it was omitted from the lease by mutual mistake.

4  Evidence—Lease—Construction—Parol  Evidence.—The  in-
   tention of the parties to a lease must be gathered from the
   lease itself, and not from what was said .or done prior to
   its execution.

R. A. McDOWELL for appellant.

JACOB SOLINGER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Reversing.

In this action of forcible detainer by appellant,
Chas. F. Aufencamp, against appellee, J. F. Storch,
instituted in the magistrate's court of Jefferson
county, to recover possession of a stable, judgment
was there entered in favor of appellant. Appellee,
Storch, then traversed the judgment and appealed
to the circuit court. There a trial before a jury
resulted in a verdict and judgment for appellee. From
that judgment Aufencamp appeals.

Appellant is the owner of certain premises at the
northeast corner of Second and Hill streets in the
city of Louisville. On the front part of the lot there
is a large three-story brick building, facing Second
street and running back on Hill street a considerable
distance. Almost the entire first floor of this build-
ing, with the exception of a few rooms in the
rear, was used as a grocery store. On the rear
part of the lot, binding on an alley and on Hill street,
was a stable, which was used in connection with the
grocery store. Between the stable and the building
on the front of the lot there is a yard. Appellant
also owns the adjoining lot to the north of the
premises facing on Second street and running back
to the alley.

Appellant had occupied the lower floor of the
building at the corner of Second and Hill streets as

a grocery for many years, and had used the stable in controversy in this action in connection with the grocery. In December, 1907, appellee purchased the grocery business. At the same time he leased from appellant the store where the business was conducted. The lease is upon one of the ordinary blank forms generally used. The rental to be paid was $55 per month for the first year and $60 per month thereafter. The property rented is described in the lease as follows: "Store including fixtures, namely: 7 counters, 10 tea cannisters, 1 showcase & shelving, meat box, butter box, meat rack, 3 meat blocks." On the trial of the case appellant testified that he did not give to appellee any written lease for the stable, but merely permitted him to use it in connection with the grocery store until he could make other arrangements. Thereafter he gave him 30 days' notice to quit. He also testified that nothing was said about renting the stable at the time the transaction was concluded. On the other hand, appellee testified that, when he went to examine the premises, appellant took him through the storeroom, out into the yard, and through the stable, and stated that the yard and stable were to be a part of the leased property.

It is earnestly insisted for appellant that the court erred in admitting evidence tending to alter or vary or contradict the written lease without a plea of fraud or mistake. On the other hand, appellee insists that the contract was incomplete and ambiguous, and that oral evidence was therefore properly admitted without such plea. In this connection it is insisted that the lease does not specify where the property was located. It does not give the name of the street, town, or state. This may be true, and, if the question were one of location, oral evidence would be ad-

missible upon this point. However, that is not the
issue in the case. The issue is whether or not ap-
pellant did as a matter of fact rent to appellee the
stable in controversy. The lease specifies the prop-
erty rented. In the absence of a showing of mistake
or fraud, the contract of the parties as embodied in
the lease is conclusive. However, in view of the
fact that in actions of this character   no   written
pleadings are required, we conclude that it was not
necessary for appellee in order to avail himself of
such ground of defense to file a pleading setting forth
a plea of mistake or fraud. But, as fraud was not
relied upon, it was necessary for appellee to show
as a matter of fact that the stable was rented to him,
and that by mutual mistake of the parties it was
omitted from the lease.

Upon the trial in the circuit court the court in-
structed the jury as follows:

"If you shall believe from the evidence that at the
time complained of in the pleadings in this case
the defendant, J. F. Storch, was in possession of the
premises mentioned in the pleadings by will or suf-
ferance of the plaintiff, Aufencamp, then the plain-
tiff, Aufencamp, had the right to give  the  notice
which has been introduced in evidence, and demand
and receive possession of the stable 30 days there-
after. If you shall believe those facts existed, the
law is for the plaintiff and you should so find.

"But, if you shall believe from the evidence that
at the time the lease was made, to wit, December 31,
1907, it was intended by the parties making such
lease to include therein the stable as part of the
premises rented, then the defendant, Storch, had the
right to hold possession of the premises.

"If you find for the plaintiff, your verdict should
be in this form: 'We, the jury, find the defendant,

Storch, guilty of the forcible detainer as claimed in the petition.'

"If your verdict shall be for the defendant, Storch, your verdict should be: 'We of the jury find the defendant, Storch, not guilty of the forcible detainer as claimed in the petition.'"

The first instruction is proper.

Instruction No. 2 is erroneous for the reason that, in the absence of a showing of mistake, the intention of the parties must be gathered, not from what was said or done prior to the execution of the lease, but from the lease itself. In lieu of instruction No. 2, the court on the next trial will instruct the jury as follows: "As the written lease does not include the stable in controversy, you will find for plaintiff, unless you believe from the evidence that as a matter of fact plaintiff did rent to defendant the stable, and that it was omitted from the lease by mutual mistake of the parties; in which event you will find for the defendant."

Judgment reversed and cause remanded for a new trial consistent with this opinion.