## Blue Ridge Coal Company, et al. v. Hurst, et al.

(Decided November 10, 1922.)

### Appeal from Bell Circuit Court.

1. Mines and Minerals—Leases—Royalties.—In a contract for the leasing of a mine, it was provided that the lessees should pay the lessors, as royalties, fifteen cents a ton, mine run, on all coal taken from the mine, and the minimum royalty or rent should be $150.00 per month, but any amount thus paid in excess of the royalty on coal actually mined should be applied in payment of royalties on that subsequently mined in excess of the minimum monthly rental; also, that should the lessees fail to comply with the agreements of the lease, or fail to pay the rents and royalties at the time and place therein specified, and continue in such default for thirty days, the lease should, at the option of the lessors, be forfeited, and become null and void. Held, the failure to pay the minimum rental, as provided in the lease, where there was no justifiable reason for such failure, was ground for the cancellation of the lease.

2. Mines and Minerals—Royalties—Evidence.—Evidence examined and held to show that the failure to pay the minimum royalties stipulated in the lease was not the result, except for a short period of time for which a credit was allowed to the lessors, of any condition which, under the terms of the lease, relieved the lessees from the payment of such royalties, and a cancellation of the lease on account of failure to pay the royalties was, therefore, properly decreed.

3. Landlord and Tenant—Breach of Terms of Lease—Forfeitures.—The forfeiture of a lease will not be decreed for breach of its terms in the absence of a forfeiting clause, but where the lease provides that a breach of one or more of the covenants shall work a forfeiture the lessor may declare the forfeiture on the occurrence of the breach, even though the condition be a harsh one.

N. J. WELLER and J. M. GILBERT for appellants.

E. N. INGRAM, N. R. PATTERSON and WM. LOWE for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

On July 15, 1916, the appellees, J. A. Hurst and his wife, Virginia Hurst, leased to W. C. Pitman and John Centers, for a term of fifteen years, a boundary of coal land at the mouth of Yellow creek, in Bell county, Kentucky, containing about one hundred and ninety acres. By the terms of the lease it was provided:

1. That the lessees should pay to the lessors, as royalties, fifteen cents a ton, mine run, on all coal taken from the land.

2. That the minimum royalty or rent paid to the lessees should be $150.00 a month, but that any amount thus paid in excess of the royalty on coal actually mined should be applied in payment of royalties on that subsequently mined in excess of the minimum monthly rental provided. But that if the lessees should at any time be prevented from carrying on mining operations by reason of any epidemic, riot, strike, insurrection, or the occurrence of faults or natural obstructions in the mine, without fault or negligence on the part of the lessees, or on account of inability to procure necessary railroad cars in which to ship the coal, then the minimum royalty or rent chargeable for the year, including the periods when mining was prevented by any of the causes mentioned, should be reduced in proportion to the amount of time lost by reason of the interruptions; provided that the lessees should, at the end of the month in which such interruptions occurred, make claim for rebate, and, in support thereof, file with the lessors the affidavit or affidavits of the lessees.

3. That the lessees would at all times, during the existence of the lease, conduct the mining operations on the leased premises in a skillful, judicious and workmanlike manner, and in full accord with the mining laws of Kentucky then in force, and would not do or permit or suffer any damage to the leasehold or appurtenances other than such as would be necessary in conducting proper mining operations.

4. That the lessees would make no assignment of the lease without the written consent of the lessors.

5. The lessors were given a lien on the goods, wares, merchandise and material placed on the premises by the lessees, for the faithful performance of the lease, and it was agreed that should the lessees fail to comply with the agreements of the lease, or fail to pay the rents and royalties at the time and place therein specified, and continue in such default for thirty days, then the lease should, at the option of the lessors, be forfeited and become null and void, and all the rights and privileges of lessees at once cease and terminate.

The lessee, Pitman, took possession of the property under the lease, and in the name of a corporation known

as the Blue Ridge Coal Company proceeded to operate the mine. The minimum royalty, however, was not regularly paid, and on the 23rd day of January, 1920, this suit was filed by appellees in the Bell circuit court to recover from the Blue Ridge Coal Company and Pitman the unpaid minimum rental for the years 1918 and 1919. By an amended petition appellees asked to have the cause transferred to the equity side of the docket, alleging that the terms of the lease had been violated, and seeking a forfeiture of the lease on various grounds set up in the amendment. Appropriate pleadings made the issues on the allegations of the petition, as amended, and on a hearing of the cause before the chancellor, a cancellation of the lease was decreed, and judgment was rendered for appellees in the sum of $447.25, with interest from January 1, 1919, until paid, the unpaid minimum royalties for the year 1918, and the further sum of $1,-166.08, with interest from January 1, 1920, until paid, the unpaid minimum royalties for the year 1919. The vacation of that judgment is sought on this appeal.

The cancellation of the lease was adjudged on the three grounds relied on by appellees, to-wit: First, the assignment of the lease without the consent of the lessors; second, unskillful and improper operation of the mining property; and, third, the non-payment of minimum royalties for the years 1918 and 1919. We do not deem it essential to the decision of this case to indulge in a discussion of the first two grounds mentioned, as we have concluded, from an examination of the record, that a cancellation was justified on the ground of the failure of the lessees to pay the minimum royalties.

That there was no payment of the minimum rental for the years 1918 and 1919, to the extent that a recovery was allowed, is unquestionable. Appellants attempt to avoid liability for those rents on the ground that the mine could not be operated at a greater capacity during that period than it was actually operated, because of natural defects in the mine, miners' strikes, and shortage of railroad cars. Any of these pleas in avoidance, if established by the proof, would constitute a sufficient defense to the claim of appellees, but none of them is sustained by the evidence, except to a minor extent, for which credit was allowed appellants by the trial court. It is in evidence that there was a strike and an epidemic of influenza in November and December of 1918, that pre-

vented the operation of the mine during those months, and for that time appellants are not charged in the judgment with the minimum royalties.   There is some proof in the record to the effect that there were car shortages during both years, but there is nothing to show that, by reason of any such shortage, appellants were prevented from procuring sufficient cars to mine such a quantity of coal as, at the stipulated royalty of fifteen cents a ton, would have enabled them to pay the minimum rental. Practically no coal was mined for the first four months of the year 1919, and no excuse was offered by appellants for failing to operate the mine during those months, other than the low price of coal.   Pitman said that the Government had fixed the price so low that the mine could not be operated profitably, and the Blue Ridge Coal Company would not operate at a loss; and it is admitted that the company did not pay to appellees the minimum rental for those months.   After carefully reading the evidence on this issue, we cannot escape the conclusion that none of the excuses offered by appellants for failing to pay the minimum monthly rental, except those for the months of November and December of 1918, is defensible.   It is, therefore, not a matter of importance, as we view this record, that appellants did not file affidavits at the end of each month, showing the reason why sufficient coal to pay the minimum monthly rental had not been taken from the mine, since the evidence shows that there was no reason why a sufficient quantity should not have been mined, and, consequently, no reason for the failure to pay the minimum royalty.   It follows, therefore, that the failure to pay the rent was a breach of the lease and authorized the judgment of cancellation.

It is true that the contract is a hard one from appellants' viewpoint, and ordinarily a court of equity will relieve against the forfeiture of a contract on account of the non-payment of rent, where the circumstances shown justify such an interposition.   But here such circumstances are not shown, and, as stated by this court in Wender Blue Gem Coal Co. v. Louisville Property Co., 137 Ky. 339, "the court cannot make for the parties a different contract than they have made for themselves." It is the general rule laid down by the text writers, that forfeiture will not be decreed for breach of the terms of a lease in the absence of a forfeiting clause, but where the lease provides that a breach of one or more of the

covenants shall work a forfeiture, the lessor may declare the forfeiture on an occurrence of the breach, even though the condition be a harsh one. 16 R. C. L. 1115; 24 Cyc. 1348. This rule is recognized in the Wender Blue Gem Coal Co. case, *supra,* and its application to the facts in this case justify the judgment of forfeiture on the ground that the minimum rental was not paid as required by the terms of the lease. That being true, it was proper, not only to adjudge a cancellation of the lease, but also to render judgment against appellants for the unpaid minimum royalties.

The judgment is affirmed.