## Edwards-Pickering Company, et al. v. Rodes, et al.

(Decided May 9, 1924.)

### Appeal from Warren Circuit Court.

1. Equity—May Relieve Lessee from Forfeiture.—Equity has power to relieve lessee from forfeiture.

2. Equity—Lessee Relieved from Forfeiture.—Where lessee mailed check for rent January 30th at 6 p. m., and lessor was entitled to forfeit if rent not received on that day, held, that lessee was entitled to relief in equity, where lessor received letter and check at 7:30 a. m. next day.

3. Action—Lessee May Ask Relief in Equity in Forcible Detainer Action.—Lessee, in action in forcible detainer, may ask for equitable relief from forfeiture of lease, in view of Civil Code of Practice, section 113.

4.  Landlord and Tenant—Lease for More than Two Years Assignable, Including Provision for Extension.—As under Ky. Stats., section 2292, a lease for two years or more is assignable without landlord's consent, provision for extension of rental period passes to assignee.

5.  Landlord and Tenant—Intention Governs, Whether Provision for Extension or for New Lease.—Whether provision in lease is for a renewal or an extension depends on intention of parties, as disclosed by whole instrument, and their interpretation thereof is determinative.

6.  Landlord and Tenant—Lessee, Doing Thing Contemplated, Entitled to Renewal or Extension, as Case May be.—Where lessee, having option of extension or renewal, has done thing which contract requires, that is all that is required of him, whether provision is for "renewal" or "extension" of lease, and execution of renewal contract is unnecessary, in absence of demand.

7.  Landlord and Tenant—In forcible Detainer Failure to Indorse Traverse Filed in Time Immaterial.—Failure of county judge or magistrate in forcible detainer to indorse on traverse that it was filed within time allowed does not defeat rights of parties, if it was in fact filed within time, and this fact may be proved in circuit court.

SIMS & SIMS and HERDMAN & ROPER for appellants.

THOMAS, THOMAS & LOGAN for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

A. Y. and J. R. Patterson owned, and leased to the Imperial Auto Company, a garage in Bowling Green, for a period of five years, ending March 1, 1922, at $200.00 a month, with the privilege of renewal or extension for another five years. Before this controversy arose, appellees Rodes and Bagby purchased the property, and the lease was assigned to Edwards-Pickering Co., and by it to the appellants, Edwards Brothers. The lease contained a provision that:

"The party of the second part shall pay to the party of the first part the rent promptly on the first day following the end of each rental month, and that if said party of the second part shall fail to pay any month's installment of rent for a period of 60 days after the same becomes due and payable, then all the installments of rent for the whole period of renting shall, at the option of the party of the first part, or its assigns, become due and payable at once and upon demand of the party of the first part or its assigns,

the party of the second part shall surrender to the party of the first part, or its assigns, complete and peaceable possession of the premises and equipment herein leased, waiving all other notice of any kind or description.''

Accordingly the rent for November, 1921, was due on December 1, and the sixty-day period expired on January 30, 1922. On this latter date appellants mailed to appellees a check for the November rent, together with a check for the December rent, which however was not received by appellees until about 7:30 a. m. on January 31. Appellees cashed the checks, and the same day served written notice upon appellants that they had forfeited their lease, and demanded that they surrender possession of the premises at once.

Appellants having declined to surrender possession, appellees instituted this action in forcible detainer, in April, 1922, which resulted in a judgment in favor of the lessors and an order restoring the property to them upon the trial before the county judge and also upon the traverse to the circuit court.

It must be conceded that according to the strict letter of the contract, appellees were empowered to declare a forfeiture as they did upon the failure of defendants to pay the rent to them for November, 1921, prior to midnight on January 30, 1922, but it is quite clear that appellees were not in the slightest damaged or inconvenienced by reason of the fact that they did not receive same until about 7:30 a. m. on January 31.

Hence the real questions for decision are, (1) whether equity should grant relief from the forfeiture under such circumstances, and (2) whether such relief can be granted in an action of this kind.

1. The envelope containing the checks for the rent for November and December was deposited in the post-office about 6 p. m., and was post-marked at 8:30 p. m. on January 30; and as it was in appellees' box at 7:30 the next morning, it is at least possible, if not probable, that it was placed there before midnight, although it was not there at about 9 p. m., on January 30, when appellees' agent examined the box.

This fact is recited not as proof that the check was delivered to appellees before the expiration of the period of grace, as is claimed for it by appellants, but to show, as it does, not only that appellants were acting in good

faith and never intended to forfeit their lease, but that there could have been no forfeiture if, as might have been done, the letter containing the checks had been placed in appellees' box before 9:00 p. m., when they examined it.

That courts of equity have power to relieve from forfeiture there can be no doubt, and it seems to us it would be hard to find a case for the exercise of such power if it should be denied in a case like this.

This court, in the case of Wilson v. Jones & Tapp, 1 Bush 173, remitted a forfeiture under circumstances quite similar to those here, upon the theory that equity considers such stipulations for re-entry by the landlord as intended for securing the rent and not for forfeiting the lease if the tenant shall have acted in good faith and shall have paid the rent when demanded and before the landlord suffered loss or inconvenience from the delinquency.

This principle was clearly recognized in Wender Blue Gem Coal Co. v. Louisville Property Co., 137 Ky. 339, 125 S. W. 732, although relief against the forfeiture was denied because, as stated in the opinion:

> "The rent here is long past due, no tender of the amount due is made, and what the future would bring forth as to a profit being made in the operation of the mine is purely speculative. The tenant is insolvent, and other liens are asserted on the property. We cannot under such circumstances say that the chancellor erred in terminating the lease."

See also Story Equity Jur., sec. 1314; Pomeroy Equity Jur., sec. 453; 24 Cyc. 1364; 16 R. C. L. 1146.

Eichart v. Bargas, 12 B. Mon. 462, relied upon by appellants, was a forcible detainer case with facts quite similar to those here, but it was decided before the right to rely upon equitable defenses in such cases had been recognized, and without reference to or consideration of such a defense. Hence it is not authority upon the question now under consideration.

We conclude, therefore, that upon the undisputed facts, appellants were entitled in equity to relief from the forfeiture.

2. In a recent case, the supreme court of Nebraska not only fully recognized this equitable doctrine and cited many authorities in support thereof, but also held, under circumstances quite similar to those here, that such relief

should have been granted in a forcible detainer action. Farmer v. Pitts, 187 N. W. 95, 24 A. L. R. 719.

Section 113 of our Civil Code provides that a pleading may contain statements of as many causes of action, legal or equitable, or as many matters of estoppel and of avoidance, legal or equitable, total or partial, and may take as many traverses and may present as many demurrers as there may be grounds for in behalf of the pleader.

Referring to this section, Newman in his Pleading and Practice says, in section 435:

> "Not only may the defendant set forth in his answer as many grounds of defense as he may have, but he is not restricted in an action by ordinary proceedings to legal defenses only, as was formerly the practice, nor in equity to equitable defenses only. He may, in either kind of proceeding, rely upon both legal and equitable matters of defense, and an equitable defense, pleaded in a common law action, necessarily carries with it the rule of equity applicable to the disposition of such issues."

So while in forcible detainer written pleadings are not required, the defendant may by reason of the above code provision, under his general plea of not guilty, prove any defense, either legal or equitable, he may have. Jones v. Commonwealth, 31 K. L. R. 1148, 104 S. W. 782; Aufencamp v. Storch, 138 Ky. 104, 127 S. W. 529; White v. Kirby, 147 Ky. 496, 144 S. W. 369; Gault v. Carpenter, 187 Ky. 25, 218 S. W. 254; Montgomery v. Blocher, 194 Ky. 280, 239 S. W. 46.

We are therefore of the opinion that the court erred in directing a verdict for the plaintiff and in refusing to direct a verdict for the defendant; unless, as is also the contention of the appellees, a directed verdict for them was authorized without reference to the forfeiture and because the contract, by its terms, expired on March 1, 1922, and there was no renewal thereof for another five years, as provided for by the following provision of the contract:

> "It is further agreed and understood that the party of the second part shall have the privilege of leasing the premises herein leased for an additional period of five years after the expiration of the period of renting herein provided for, making a total of ten

years, upon the same terms and conditions and at the same rental price as provided in this lease, but to exercise said privilege party of the second part shall, not more than six months nor less than sixty days prior to the expiration of the first five year period of leasing herein provided for, give to the party of the first part, or its assigns, notice, in writing, that said party of the second part exercises the privilege of leasing said premises for an additional five years upon the same terms and conditions as are provided in this lease.''

It is first contended that this privilege was personal to the first lessee, and therefore not available to the appellants as assignees of the lease. We are unable however to sustain this contention. By reason of section 2292 Kentucky Statutes, a lease for two years or more is assignable without the landlord's consent. Hence this lease was thus assignable, and the provision for an extension of the rental period being a part of the lease necessarily passed to appellants when the lease was assigned to them, even though the lease itself does not provide that the privilege shall extend to the assigns of the original lessees.

It is next contended that the above quoted provision provides for the execution of a new lease, and not for the extension of the old one; and as a new lease was not executed, appellants failed to exercise the option in the manner prescribed.

With other courts, we have had considerable trouble in deciding whether in different leases the provision was for a renewal or an extension of the lease, and while we have recognized a technical difference between the terms, we have uniformly held that the intention of the parties as disclosed by the whole instrument, and their interpretation thereof, is determinative of whether such a provision is technically a privilege for a renewal or an extension, rather than the fact that the word "renewal" or "extension" is used, and that in any event where the party having the option has done the thing which the contract provides and the parties contemplated he should do to give him the benefit of the additional period, that is all that is required of him. Grant v. Collins, 157 Ky. 36, 162 S. W. 539; Love v. Kozy Theatre Co., 193 Ky. 336, 236 S. W. 243; Klein v. Auto Parcel Delivery Co., 192 Ky. 583, 234 S. W. 213.

The provision in this contract very clearly provides how the privilege shall be exercised, which is that the lessee shall, not more than six months nor less than sixty days prior to the expiration of the first five-year period, give to the lessor notice in writing that the lessee exercises the privilege of leasing said premises for an additional five years, upon the same terms and conditions as are provided in the lease.

Appellants, on December 3, 1921, which was within the period provided for, gave to appellees notice in writing that they desired to exercise the privilege of leasing the premises for an additional five years, upon the same terms and conditions as provided in the lease. That notice concludes with the following:

"We therefore elect to continue said lease for an additional term of five years from March 1, 1922, and to be bound during said period by all the terms, conditions, and provisions of the original contract. We are prepared to execute any writing to this effect that you may desire."

Under the authorities already cited, and the provisions of this contract, we think this was all that was required of appellants to make the lease effective for another five-year period, in the absence of a demand by appellees that a new contract be executed therefor.

A final contention for the appellees is, that the judgment should be affirmed because the traverse to the circuit court was not filed within the three days required by law, and as a consequence the circuit court erred in overruling appellees' motion to dismiss the appeal in that court.

It is true only that the county judge, before whom the traverse and the traverse bond were required to be filed within three days, failed to endorse thereon when they were filed, but the evidence is conclusive that the traverse was filed and that the bond was executed and approved by the county judge within the three days allowed therefor, and we have held in the case of Berry v. Trice, 179 Ky. 594, 201 S. W. 37, that the failure of the county judge or magistrate to endorse upon the traverse that it was filed within the time allowed by law would not defeat the rights of the parties, if, in fact, it was filed within the time, and that this fact might be proven in the circuit court, as was done here.

Wherefore the judgment is reversed, and the cause remanded for proceedings consistent herewith.