## Paducah Home Oil Company v. Paxton.

(Decided January 31, 1928.)

### Appeal from McCracken Circuit Court.

1. Action.—On a plea of not guilty in forcible detainer proceeding, all defenses, both legal and equitable, may be made.

2. Landlord and Tenant.—In a lease providing for forfeiture upon failure to perform conditions subsequent, the natural presumption is that the parties intended for the lease to be performed rather than for it to be annulled, and such stipulations are strictly construed against the party invoking them.

3. Landlord and Tenant.—Where a check sent for rent payment miscarried in the mails and did not reach lessor at the time required by the lease to prevent lease forfeiture, held, that equity will relieve a lessee from lease forfeiture under such conditions where the lessor has suffered no injury because of lessee's having tendered payment in cash upon discovery of fact that the check had not reached the lessor.

WHEELER & HUGHES for appellant.

J. D. MOCQUOT for appellee.

OPINION OF THE COURT BY JUDGE·McCANDLESS—Reversing.

On November 2, 1925, appellant leased a corner lot in the city of Paducah from L. S. Dubois and A. M. Ashcraft, for a period of 10 years, for the purpose of constructing and maintaining a gasoline filling station thereon. Lessee was to pay 1 cent a gallon on gasoline sales and 3 cents a gallon on oil sales as rental, with the following stipulations in the lease:

"It is further contracted and agreed that in the event that said service station shall not be oper-

ated for a period of 30 days, or that failure shall be made in the payment of the rent for 30 days, as herein provided, that this lease shall become null and void, and the party of the first part may enter into possession of said premises after 30 days' notice of failure to pay. . . . It being especially understood that the said payments shall be made at the end of each and every 30 days after payment of said rent shall begin, and not later than 15 days after said monthly amount is due.''

Later, Dubois and Ashcraft conveyed the fee in the property to the present appellee. Appellant's home office is at Marion, Ill., and from the beginning of the business it has been the uniform practice and custom of the parties for its agent at Paducah to mail to it on the first of each month an itemized statement of the preceding month's business, for its home office to audit; and on or about the 7th or 8th of the month for it to send appellees a copy of the account, together with a check for the amount due thereon. These checks were received and accepted by appellees and their predecessors in title and deposited by them at a local bank without other written acknowledgment; this being done with the tacit consent and approval of all parties, and without any question arising before December, 1926, as to which time the following facts are admitted. On the first day of that month the local agent of appellee mailed a copy of the amount of the November business to it; this was audited and a copy of it, together with a signed check for the amount of the November rent, was placed in a stamped envelope with appellant's return address stamped thereon and addressed to appellees at Paducah. The letter was never received by appellees, nor returned to appellant, who remained in ignorance of its miscarriage until the 17th day of January, 1927, at which time appellees demanded possession of the premises, whereupon the appellant tendered the amount of the November rent in currency, and this was declined. Appellees then instituted a forcible detainer proceeding in a justice's court. On a plea of not guilty, appellant relied on the above facts and was acquitted. A traverse was taken to the circuit court, where appellant was found guilty. In the meantime appellant filed an equitable action in the circuit court under the Declaratory Judgment Act, setting out the above facts

and asking to be relieved from the forfeiture, the two proceedings being heard at the same time. This petition was dismissed, and an appeal has been prosecuted from both judgments. While the former practice was different, the later opinions hold that on a plea of not guilty in a forcible detainer proceeding all defenses both legal and equitable may be made. Edwards-Pickering Co. v. Rodes, 203 Ky. 96, 261 S. W. 884, and cases there cited, including Farmer v. Pitts, 108 Neb. 9, 187 N. W. 95, and 24 A. L. R. 719.

While a lease may provide for a forfeiture upon failure to perform a condition subsequent, the natural presumption is that the parties intended for the lease to be performed rather than for it to be annulled, and such stipulations are strictly construed against the party invoking them, the rule relating thereto being thus stated in Wilson v. Jones, 1 Bush, 173:

> "Equity considers such general stipulations for entry by the landlord as intended for securing the rent, and not for forfeiting the lease if the tenant shall have acted in good faith, and shall promptly pay the rent when demanded, or before the landlord shall have suffered loss or unreasonable inconvenience from the delinquency."

In the Rodes case, supra, the contract provided for the surrender of possession upon demand of the lessor upon the lessee becoming in arrears for a period of 60 days upon a rent installment. The 60 days expired January 30, 1922. On that evening a check for the rent was deposited in the post office about 6 p. m., but was not received by appellees until the morning of January 31. The court said:

> "It must be conceded that according to the strict letter of the contract, appellees were empowered to declare a forfeiture as they did upon the failure of defendants to pay the rent to them for November, 1921, prior to midnight on January 30, 1922, but it is quite clear that appellees were not in the slightest damaged or inconvenienced by reason of the fact that they did not receive same until about 7:30 a. m. on January 31. . . . That courts of equity have power to relieve from forfeiture there can be no doubt, and it seems to us that it would be hard to find

a case for the exercise of such power if it should be denied in a case like this'' (quoting with approval the above citation from Wilson v. Jones).

That case also cites with approval the case of Farmer v. Pitts, supra, in which the lessee mailed to appellee his check for $40 inclosed in an envelope with a dollar bill in payment of the rent for the previous month then due. It arrived a day too late, and the lessor refused to accept it. This opinion quoted 1 Pomeroy's Equity Jurisprudence, section 453:

"Where a lease contains the condition that the lessor may re-enter and put an end to the lessee's estate, or even that the lease shall be void upon the lessee's failure to pay the rent at the time specified, it is well settled that a court of equity will relieve the lessee and set aside a forfeiture incurred by his breach of the condition, whether the lessor has or has not entered and dispossessed the tenant. This rule is based upon the notion that such condition and forfeiture are intended merely as a security for the payment of money'' (citing many cases in support of the text).

And further says:

"The ordinary principles of reason, common sense and justice should govern in questions of this kind. The lessee, in law, had a right to assume that the post office department would do its duty and deliver the envelope containing the rent in due time, and that the lessor would, in justice, accept such rent; and if for any reason it was not received or delivered the lessee should, as a matter of ordinary fairness and justice, be advised of such fact and have a chance to remedy the same. The writer of this opinion cannot but be impressed with the idea, which seems to come from a reading of the record, that it was not the rent the lessor wanted, but rather a forfeiture of the lease contract.''

For other cases along the same line, see note to Maginnis v. Knickerbocker Ice Co., 69 L. R. A. 833, and annotated note to Bonfils v. Ledoux, 16 A. L. R. 430; 16 R. C. L. 1146.

In this court the rule laid down in Wilson v. Jones was not only followed in the Rodes case, but as therein stated was recognized in Wender Blue Gem Coal Co. v. Louisville Property Co., 137 Ky. 339, 125 S. W. 732, and Blue Ridge Coal Co. v. Hurst, 196 Ky. 432, 244 S. W. 892 (cases relied upon by appellee), although the court failed to grant relief in these cases because under the circumstances it could not do justice to the parties by so doing. And, so far as our observation extends, the only instance in this court in which in an analogous case relief has been denied is Eichart v. Bargas, 12 B. Mon. 462. But that opinion was written before equitable defenses were permitted to be proved under a plea of not guilty and was overruled in Edwards-Pickering v. Rodes, supra. Turning again to the facts of this case, it is evident that appellant desired to pay the rent and in good faith undertook to do so. There can be no doubt that the check would have been received and accepted in time but for some fortuitous circumstances which caused the mails to miscarry, and it appears that just so soon as appellant learned of this it tendered payment in currency so that the appellees have suffered no injury whatever. Indeed, it rather appears that they avoided giving appellant notice of its default, and it may reasonably be inferred that this was caused by the desire to avoid the lease rather than to collect the rent. Under all the authorities quoted equity will relieve from such a forfeiture. Hogg etc., v. Forsythe, 198 Ky. 462, 248 S. W. 1008.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.