## NATIONAL EQUIPMENT CO., Inc.,

v.

## HEIB.

Court of Appeals of Kentucky.

Jan. 22, 1954.

Harold R. Marquette, Louisville, Wm. E. Scent, Hal O. Williams, Frankfort, for appellant.

R. D. McAfee and Edw. T. Ewen, Jr., Louisville, for appellee.

STANLEY, Commissioner.

Norman Heib rented a large caterpillar tractor clamshell shovel to the National Equipment Company for $695 a month under a written agreement which provided that the lessee should maintain the machinery and equipment while in its possession and return it "in as good condition as when received * * * usual wear and tear excepted." The contract also provided that the lessee should pay for all damages to the equipment except the usual and ordinary wear and tear. The machinery was returned to the lessor after having been used to unload coal from railroad cars by a sublessee. Heib, charging that the equipment was returned in a damaged condition, "being broken and bent about its various parts and mechanism so as to be wholly unusable in its then condition," sought recovery of $3,500 as the cost of repairing it. He also sought to recover a balance due on rent and for damages for the loss of the use of the

machinery while it was being repaired. He recovered judgment for $2,771.75 as the cost of placing the machinery in good and serviceable condition and $695 rental.

The contract contained this provision:

"The receipt and acceptance by the lessee of said equipment shall constitute acknowledgement that said property has been accepted and found in good, safe and serviceable condition, and fit for use unless the lessee makes claim to the contrary to the lessor by registered mail with return receipt demanded, addressed to the lessor's home office within three days after receipt of said equipment. The complaint as made shall set forth in detail its complete nature and the condition of the property received."

The court ruled inadmissible evidence offered by the defendant to show that the machine was not in good condition when it was received. The instruction submitted the issue only as to whether it was in bad condition when returned. It is an elemental rule that parol evidence will not be heard if it would change or vary or contradict contractual terms of a writing when such terms are clear and definite. The appellant argues that the rejection of its proffered evidence was a misapplication of the rule since it sought to prove only that when received the machine was in the same condition as when returned. This is a rather specious distinction, for the evidence was in reality to prove a bad or defective condition when received and this contradicted the clear stipulation in the written agreement.

The principle of denying parol or extrinsic evidence affecting a writing is extensive in its scope and application, has different aspects and some limitation or qualification. It is a rule not merely of evidence but of substantive law founded as a policy upon reason and experience. In some cases its application may rest upon estoppel. 32 C.J.S., Evidence, § 851; Gibson v. Sellars, Ky., 252 S.W.2d 911.

The present writing has both the qualities of a contract and of a receipt. Ordinarily the terms of a receipt are open to explanation or contradiction by parol, such, for example, as a carrier's bill of lading. Jones on Evidence, Secs. 1638, 1652, 1654; Keith v. Amende, 64 Ky. 455, 1 Bush 455. But the instrument we have here is more than a receipt. It is a positive and definite acknowledgement by the bailee for hire that the machinery was found to be in good condition when accepted. The lessee agreed that if it was not in good condition, it would notify the lessor and make a formal complaint within three days. This it did not do but kept the machine for nearly three months without complaint. By this writing the lessee created a duty upon itself that it must recognize. We think it would violate the parol evidence rule, with its particular aspect of estoppel, if the bailee were permitted by parol evidence to contradict this stipulation. Querry v. White, 4 Ky. 271, 1 Bibb 271; Doyle v. Offutt & Blackburn, 135 Ky. 296, 122 S.W. 156; Aufenkamp v. Storch, 138 Ky. 104, 127 S.W. 529. Admissibility would offend the very reason and principle of the rule. It would put a premium on carelessness and tend to promote fraud. It is rather ironical that this contract was prepared by the lessee and is a form that is commonly used by it in its business of renting out similar equipment and machinery of its own. It is caught in its own net.

We cannot see any merit in the appellant's argument that it should have been permitted to prove, and have had an appropriate instruction thereon, that the equipment was rented solely for the purpose of using the shovel; that the parties never intended that the tractor part would be operated and that same was not used, so could not have been damaged by the bailee's operation. The argument of competency of the evidence is rested on the principle that a person will not be permitted to profit by his own wrong—the wrong being in the bailor delivering to the bailee a damaged machine and then claiming compensation for repairing it. To

have admitted this evidence would indeed have admitted oral proof of an agreement different from the written one.

The evidence fully warranted the directed verdict to find for the plaintiff the balance due on the rental.

The judgment is affirmed.