CASE 12—ACTION BY MITCHELL SMITH AND OTHERS AGAINST JOHN SWANSON FOR FORCIBLE ENTRY.—DEC. 16.

# Swanson v. Smith, &c.

APPEAL FROM LEE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    AFFIRMED.

FORCIBLE    ENTRY—JUDGMENT—BAR—REVIEW—NEW    TRIAL—PROCESS —SUBSTITUTED SERVICE.

Held:    1. Civil Code, section 463, regulating proceedings after trial of writs of forcible entry, provides that if either party conceive himself aggrieved he may file a traverse within three days after the finding, and section 461 declares that if the party against whom the inquisition is found fail to file such traverse

the judge shall issue execution for the costs, and, if the inquisition be in favor of the plaintiff, a warrant of restitution. HELD, that section 463 provided the exclusive mode for reviewing proceedings of forcible entry, and that Civil Code, section 714, authorizing the granting of a new trial on an application made within ten days after judgment, on reasonable notice to the adverse party, had no application to such proceedings.

2. Under Kentucky Statutes, 1899, section 2294, and Civil Code, section 625, authorizing substituted service of process by leaving a copy with a member of defendant's family over sixteen years of age, a notice of a writ of forcible entry was properly served by leaving a copy wiith defendant's wife, who was at the time a member of his family over sixteen years of age, defendant being absent and not found.

3. A judgment rendered in proceedings of forcible entry to recover a possession of land is not a bar to an action in ejectment to recover the land.

GOURLEY & ROBERTS, FOR APPELLANT.

Our contention is, that where in a forcible entry proceeding, the writ is served upon the defendant's wife and a trial had in his absence, and without his knowledge, the defendant having learned of the proceeding after it was too late to file a traverse, had the right to file his petition before the county judge, who tried the case, for a new trial, and the failure of the county judge to grant him a new trial was error as was also the failure of the circuit court upon appeal to sustain his petition for a new trial.

We submit that it is not fair practice for a litigant to watch for opportunity when his adversary is absent from home, and serve notice on a defenseless woman, and thereby undertake to deprive the rightful possessor of the possession of a tract of land without a hearing. This is depriving a man of his property without due process of law.

H. L. WHEELER, FOR APPELLEES.

We contend that the proper and only legal way that a forcible entry and detainer proceeding could be brought to the circuit court, was by traverse, and then by appeal to this court which was not done.

Therefore, the circuit court properly sustained the demurrer to appellant's petition, dissolved his injunction, and dismissed his petition.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

Upon complaint made by the appellees to the judge of the Lee county court that the appellant had forcibly entered upon a tract of land in that county of which they were in the peaceable possession, that officer issued a writ of forcible entry in the usual form against appellant, directed to the sheriff of the county who, after service of the writ, returned it to the county judge. The inquisition under the writ was held by the county judge, without the intervention of a jury, and the appellant found guilty of the forcible entry complained of; judgment was thereupon entered in accordance with the finding, awarding appellees restitution of the land in dispute; and, the appellant having failed to file a traverse of the inquisition on or before the third day after the finding of the inquest, the county judge duly issued a warrant of restitution in appellee's favor. The appellant thereupon filed in the Lee county court his petition for a new trial in the proceeding of forcible entry, and at the same time obtained of the county judge a temporary injunction restraining the sheriff from executing the writ of restitution. Upon the hearing, before the county judge, of the application for a new trial, it was adjudged that appellant was not entitled to a new trial, and his petition therefor, as well as the injunction to prevent the execution of the writ of restitution, was dismissed. From that judgment the appellant took an appeal to the circuit court, in which court a demurrer to the petition was sustained and the petition dismissed, and from that judgment an appeal has been prosecuted to this court.

The question presented for our consideration by the appeal has never to our knowledge been decided by this court. It is this: Can a new trial be granted in a case like the one at bar? Section 714, Civil Code, provides that "a new trial

may be granted in quarterly courts, or courts of justices of the peace upon motion made within ten days after a judgment has been rendered, of which motion reasonable notice shall be given to the adverse party." Manifestly, the section, supra, would authorize the granting of a new trial by the county judge, upon proper grounds, in any ordinary action or proceeding that had been tried by him. But the provisions of the Code regulating the trial of writs of forcible entry, forcible detainer, or forcible entry and detainer, require the unsuccessful party, if dissatisfied with the result of the trial, to pursue a different remedy. The remedy thus provided is specific, and therefore exclusive of all other remedies. It is found in section 463, Civil- Code, which provides that, "if either party conceive himself aggrieved by the finding of the jury (or court) he may file a traverse thereof with the judge or justice within three days next after the finding aforesaid. . . ." The traverse serves a twofold purpose: First, it secures to the unsuccessful party a retrial of the case in the circuit court; second, a stay of the proceedings on the inquisition until the trial in the circuit court may be had. In the meantime no serious loss could result to the opposite party from the stay of proceedings on the inquisition, as he would be protected by the bond, required by the Code, of the traversor, which must be given at the time of the filing of the traverse.

It is manifest that the granting of a new trial in this character of proceedings was never contemplated by the framers of the Code, for it is further provided, by section 461, that, "if the party against whom the inquisition is found fail to file a traverse of the inquisition with the judge or justice who presided on or before the third day after the finding of the inquest, the judge or justice shall, on request, issue his execution for the costs; and, if the inquisition be in  favor of

the plaintiff, he shall also (whether requested to do so or not) issue his warrant of restitution. . . ." The section of the Code, supra, requires that the issual of the warrant of restitution, if the inquisition be in the favor of the plaintiff must follow the failure of the unsuccessful party to file the traverse on the third day after the finding of the inquest. This requirement of the Code is mandatory. A motion for a new trial, made on or before the third day after the inquisition is found, will not prevent the issual of the warrant of restitution at the end of that time. Its issual can only be prevented by the filing of the traverse and execution of the traverse bond, on or before the third day and, if the warrant of restitution once issues, it can not be suspended, nor its execution delayed, by a motion or petition for a trial, made or filed within ten days succeeding the inquisition.

Though, as stated, the question under consideration has never been decided by this court, it seems to have been before the superior court as far back as the year 1885, in the case of Scaggs v. Fife, 6 Ky. Law Rep., 659, wherein it was held that, "after judgment has been entered according to the inquisition in a forcible entry and detainer, the judge or justice who presides has no power to disturb it; the only new trial provided for is by a traverse in the circuit court, which must be taken in three days."

It is insisted for the appellant that the writ of forcible entry has not been served upon him in person, because he was, at the time of its service, absent from the county, and, further, that the inquest took place in his absence. It appears, however, from the return of the writ, that notice thereof, and of the time and place of the trial, was given to and served upon appellant's wife, as he was ab-

sent and could not be found.  Section 455, Civil Code, pro-
vides that the officer having the writ for execution "shall
give to each defendant notice according to the directions
of the warrant. . . . If, however, the notice have been
given to a defendant, but not three days before the meeting
of the jury (or court), the inquest shall, on his motion,
be adjourned until the expiration of the three days."  The
service of the writ was properly made upon the appellant
through his wife, in the manner provided by section 625,
Civil Code, and section 2294, Ky. St., 1899, she being at the
time a member of his family and over sixteen years of age.

It is averred in the petition for a new trial that the ap-
pellant was properly in the possession of the land
in controversy as a tenant of J. A. Wallace, who had been
given possession thereof under a writ of habere facias
possessionem from the Estill circuit court, issued in the
action of Crawford's Adm'r v. Elizabeth Hatton, etc., and
that Bruce Smith, one of the appellees, had been deprived
of the possession of the land in favor of Wallace by the
same writ.  Bruce Smith was at the time the tenant of
his co-appellee, Mitchell Smith, who then and now claims
to own the land.  It is not, however, alleged in the petition
that the Smiths were parties or privies to the suit in Es-
till county, or that they acquired possession of the land
during the pendency of that action, or with knowledge
thereof.  It would seem, therefore that they could not
have been legally deprived of possession by the writ from
the Estill circuit court.  But whether they could or not,
that question, as well as all other matters relied on in
resistance of the writ of forcibly entry in the petition for
a new trial, could have been determined only in the in-
quisition before the county judge, or upon a traverse and

trial in the circuit court. The proceedings of forcible entry only affected the matter of possession. That question could not be reopened by an application for a new trial, whether made by motion or petition. The appellant's only remedy was a traverse, which was not resorted to, consequently this court is without power to grant the relief asked.

If there is merit in the claim of Wallace to the possession of the land in controversy, it may be suggested that the proceedings of forcible entry will not bar an action in ejectment to recover the land.

Wherefore the judgment of the lower court in sustaining the demurrer to the petition for a new trial, and in dismissing the petition, is hereby affirmed.