## Berry, et al. v. Trice.

(Decided March 5, 1918.)

### Appeal from Ballard Circuit Court.

1. Forcible Entry and Detainer—Review.—Civil Code, section 463, regulating proceedings after an inquisition under a writ of forcible entry and detainer or either, provides an exclusive mode or remedy for obtaining a review of such proceedings.

2. Forcible Entry and Detainer—Traverse—Appeal and Error.—As this section declares that "if either party conceive himself aggrieved by the finding of the jury (or court) he may file a traverse thereof with the judge or justice within three days next after the finding aforesaid . . . . ," the required traverse is the only prescribed mode of appealing to the circuit court. As there was in this case no traverse filed by the appellants in the court of the justice of the peace holding the inquisition, the circuit court did not err in dismissing the appeal.

JOHN M. MOORE and MILTON ANDERSON for appellants.

ED REESOR and RIB FLATT for appellee.

OPINION. OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

The appellee, Mrs. Lou Trice, is the owner of a tract of land in Ballard county which has been jointly occupied by the appellants, C. R. Berry, J. T. Hall and Jim Potts, as her tenants for a term of several years duration. Insisting that the tenancy of appellants had ended and that they wrongfully refused to surrender to her possession of the leased premises, the appellee caused to be issued against them by L. E. Bradley, a justice of the peace, a warrant of forcible detainer, under and by virtue of which she sought to be restored to the possession of the land. Following the due execution of the writ of forcible detainer, and on the day fixed by the writ for the inquisition thereunder, the parties by agreement waived their right to a trial by jury and submitted the case to the justice of the peace upon the law and facts, resulting in a judgment finding appellants guilty of the forcible detainer complained of and restoring to appellee the possession of the land. From that judgment an appeal was prosecuted to the Ballard circuit court, and that court, on the hearing of the case, dismissed the appeal, which left the judgment of the justice's court in full effect. Appellants, complaining of the judgment of the circuit court, have prosecuted therefrom an appeal to this court.

It appears from the record that the circuit court dismissed the appeal upon the ground that the appellants had failed to file in the court of the justice of the peace, within three days next after the judgment of that court was rendered, or at all, a traverse, as required by Civil Code, section 463, although they did execute, as required by the same section, with sufficient security the bond necessary to be given by the traversors.

·The bond was executed by appellants before the justice of the peace and the whole of the record in the proceedings was returned by that officer to the circuit court within ten days thereafter. In Swanson v. Smith, &c., 117 Ky. 116, we held, that section 463 Civil Code provides the exclusive mode for reviewing proceedings of forcible entry and detainer or either and that section 714, authorizing the granting of a new trial on an application made within ten days after judgment, on reasonable notice to the adverse party, had no application to such proceedings. Referring in the opinion to the section last cited we said:

"Manifestly, the section, *supra,* would authorize the granting of a new trial by the county judge, upon proper grounds, in any ordinary action or proceeding that had been tried by him. But the provisions of the Code regulating the trial of writs of forcible entry, forcible detainer, or forcible entry and detainer, require the unsuccessful party, if dissatisfied with the result of the trial, to pursue a different remedy. The remedy thus provided is specific, and therefore exclusive of all other remedies. It is found in section 463, Civil Code, which provides that, 'if either party conceive himself aggrieved by the finding of the jury (or court) he may file a traverse thereof with the judge or justice within three days next after the finding aforesaid. . . .' The traverse serves a twofold purpose: First, it secures to the unsuccessful party a retrial of the case in the circuit court; second, a stay of the proceedings on the inquisition until the trial in the circuit court may be had. In the meantime no serious loss could· result to the opposite party from the stay of proceedings on the inquisition, as he would be protected by the bond, required by the Code, of the traversor, which must be given at the time of the filing of the traverse."

When the case reached the circuit court and the attention of the court was called to the failure of the appellants to file the traverse in the justice's court by the motion of the appellee to dismiss the appeal, the appellants moved to be permitted to enter a *nunc pro tunc* order showing the filing of the traverse in the justice's court, which motion the court overruled. Thereupon appellee filed the affidavit of L. E. Bradley, the justice of the peace before whom the inquisition was held, in which it was stated that the appellants did not file in his court

the traverse required by Civil Code, section 463; appellants filed the affidavit of one of their counsel in which it was stated that the traverse had been filed in the justice's court, and appellee then filed the affidavit of her counsel confirming that of the justice of the peace that such traverse had not been filed. The affidavits seem to have been considered by the court, but it adhered to the conclusion that the traverse had not been filed, which necessitated the dismissal of the appeal. If the filing of these affidavits was authorized it is clear that the weight of the evidence furnished by them, together with the absence from the record of anything to show the filing of the traverse, justified the circuit court in holding that the inquisition had not been traversed in the justice's court. It seems to have been decided, however, in Burchett v. Blackburn, 4 Bush 553, that the filing and the use of such affidavits as allowed by the circuit court in this case was proper. In that case as in this the appellant, without filing formal traverse of the inquisition against him of forcible entry, executed the statutory bond and took the case to the circuit court which, on motion by the appellee, dismissed it for want of an explicit traverse before the justice. It also appears that on that motion to dismiss the appeal the appellant offered, as here, to file a traverse *nunc pro tunc,* insisting that on the appeal the recital in his bond of the fact of the inquisition and traverse was sufficient evidence of a legal traverse; and if not, that the court erred in rejecting his offer to file an explicit traverse. In the opinion it is said:

"As decided by this court in Wayman v. Taylor (1 Dana 528), the bond estops the traversor (appellant) from denying that a traverse had been filed as required by law, and might, as against the traversee also, be presumptive evidence of such filing, in the absence of any opposing fact or testimony. But, in this case, the justice himself, and another witness, testified that no traverse had in fact been filed.

"The required traverse is the only prescribed mode of appealing to the circuit court, and, like all other appeals, it must make up an express issue for retrial. The statute does not allow a traverse after three days from the date of the inquisition; and, unless it shall have been filed within that time, the justice is required to enforce his judgment, consequently, as no traverse was filed, his judgment on the inquisition was not suspended; and a

consequent traverse could not suspend the judgment, nor give jurisdiction to try the truth of the inquisition. Had the traverse been filed in time, without a sufficient bond, the statute would have authorized the execution of the requisite bond in the circuit court; but there is no such authority for filing a traverse in the circuit court. And as the traverse is the required foundation of the circuit court's jurisdiction, and the object of the bond is only security to the traversee, there is good reason for the statutory discrimination between the necessity and the times of filing them.

"Then, the Code peremptorily requiring the traverse to be filed within three days after the inquisition, or not at all, the circuit court did not err in either of its judgments."

Manifestly, the filing of the traverse in the court of the justice within the three days required by Civil Code, section 463, cannot be dispensed with: (1) Because necessary to stay the execution of the judgment entered to conform to the inquisition: (2) because necessary to give the circuit court jurisdiction of the appeal; and the authentic way to show the filing of the traverse is to let the fact appear of record.

In Martin, v. Richardson, 12 R. 804, it appears that on the trial of the case, which was a proceeding of forcible detainer, the jury failed to agree, and the parties submitted a decision of their rights to three persons, who returned a verdict that the plaintiff in the warrant should have restitution. No traverse was filed, but an appeal was taken from the judgment of restitution entered by the justice. This court held that the appeal was properly dismissed because there was no traverse filed.

It follows from what has been said that the dismissal of the appeal in the circuit court was not error. Therefore, the judgment of that court is affirmed.