## Black v. National Bank of Kentucky.

(Decided November. 2, 1928.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Forcible Entry and Detainer.—Under Civil Code of Practice, sec. 463, day of rendition of judgment on inquest is counted as first of three days within which traverse must be filed, in order to give circuit court jurisdiction on appeal.

2. Forcible Entry and Detainer.—Juridical days, intended in Civil Code of Practice, sec. 463, as three days for appeal to circuit court, are days on which court is in session, as distinguished from legal days, on which legal business can be transacted, under Words and Phrases, Juridical day.

3. Time.—Where last day during which defendant had right to appeal to circuit court under Civil Code of Practice, sec. 463, fell on legal holiday, during which justice's office was closed, under Ky. Stats., sec. 2089b, depriving defendant of right guaranteed by law, defendant was not required to file traverse before holiday, but was entitled to wait until last day and assume that justice's court would be open to him, and could file traverse on next following juridical day; holiday not being juridical day.

DOOLAN & DOOLAN for appellant.

JOSEPH J. HANCOCK for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—
Reversing.

This is a forcible detainer proceeding, originating in the court of a justice of the peace of Jefferson county, where a trial was had and judgment rendered and entered of record on October 10, 1927, in favor of the appellee. On October 13, 1927, the appellant filed before the justice of the peace a traverse and bond, whereby the case was appealed to the Jefferson circuit court. In that court the appellee filed a written motion to dismiss the appeal on the ground that the traverse was not filed within three days after the rendition of the judgment. On the hearing this motion was sustained and the appeal dismissed. Thereupon the appellant entered a motion to set aside the order and judgment dismissing his appeal, and in support of that motion filed the affidavit of his counsel to the effect that on October 12, 1927, at about 10 o'clock a. m., he went to the office of the justice of the peace for the purpose of filing a traverse, and that the justice's

office was closed; that he made a continuous effort throughout the day to locate the justice for the purpose of filing the traverse, but was unable to locate him; and filed the affidavit of the justice of the peace to the effect that, October 12, 1927, being a legal holiday, to wit, "Columbus Day," his office and courtroom were closed the entire day for the transaction of business, and that he was not at his court or office on that day. Upon the hearing of the motion to set aside the order dismissing the appeal, the motion was overruled. From the judgment dismissing his appeal, the defendant brings the case here.

In forcible detainer proceedings appeals to the circuit court are regulated by section 463 of the Civil Code, which in part provides:

> "If either party conceive himself aggrieved by the finding of the jury, he may file a traverse thereof with the judge or justice within three days next after the finding aforesaid."

The rule is too well settled to need citation of authority that the day of the rendition of the judgment on the inquest is counted as the first of the three days within which the traverse must be filed, in order to give the circuit court jurisdiction of the appeal, and in construing section 463 we have held that the three days therein provided for mean three juridical days. Whitmer v. Cardwell, 194 Ky. 351, 238 S. W. 1048; Roettger v. Riefkin, 130 Ky. 197, 113 S. W. 88.

A juridical day is "a day on which the court is in session" (17 C. J. 1133), and is distinguished from a legal day in this:

> "The former means a day on which the court is in session, and the legal day is one on which legal and judicial business can be transacted, as distinguished from dies non." 4 Words and Phrases, 3854.

If, as shown by the affidavits of appellant's attorney and the justice of the peace, the latter's office was closed the entire day of October 12, 1927, and the justice was not at his court or office on that day, and if October 12th was the last day appellant had to file his traverse, such closing of the court and absence of the justice of the peace on that day has the effect of depriving appellant of a right guaranteed him by the law, with the result that a

grave injustice is thus done him through no fault of his own. It will not do to say that appellant should have anticipated that the justice's office and court would be closed on a legal holiday, and guarded against that contingency by filing his traverse on the 11th. The statute now invoked against him gave to him three days in which to file his traverse, and he was no more required to do so on the second day than he was to file it on the first day. He had the right to wait until the third day, and to assume that the justice's court and office would be open to him. On the other hand, the justice was authorized by express statutory enactment (section 2089b, Kentucky Statutes) to close his office on October 12th, it being a legal holiday.

In Witt v. L. & E. Railway Co., 158 Ky. 401, 165 S. W. 399, involving a somewhat similar situation, where the court had under consideration the time within which a motion and grounds for new trial should be filed, it is said:

"It appears that September 12th, the day on which the judgment herein was entered, fell on Thursday, and under the authority of the cases cited the application for a new trial should have been made not later than the following Saturday, September 14th. As a reason for not filing the motion on Saturday, the 14th, it is suggested by counsel in his brief that the court was not open on Saturday, the 14th, and therefore the motion could not be filed on that day. If the court did not convene on the 14th, and, if no court was held on that day, we would say that the motion and grounds for a new trial was filed in time, as section 342 of the Civil Code contemplates that three days in which the court is in session shall be allowed, because the motion and grounds for a new trial must be filed in open court. Therefore, if the court did not convene, and there was no session of the court on the 14th, the motion and grounds for a new trial could not have been filed in court within the meaning of the code on that day, and as the 15th was Sunday, which is also to be excluded in computing the three days the application made on Monday the 16th would have been in time."

The same reasoning applies in this case as to the time within which the traverse should have been filed. October 12, 1927, the third day after the inquest, was a

legal holiday, in consequence of which the justice of the peace was authorized by law to, and did, close his court and office on that day. That day was not, therefore, a juridical day and must be excluded from the three days next after the inquest in which the traverse must be filed.

Reason dictates, and the above authorities sustain the conclusion, that, when the last of the three days within which a traverse and bond may be filed falls on a holiday, and the court wherein the inquest was held is closed for that day, the traverser should have the next following juridical day in which to file his traverse.

Some question is made as to the competency of the affidavits of appellant's counsel and the justice of the peace for the purpose intended by them; however, in the case of Berry v. Trice, 179 Ky. 595, 201 S. W. 37, we held that affidavits of similar import and for a like purpose were proper.

Wherefore the judgment dismissing the appeal is reversed, and the cause remanded for proceedings consistent with this opinion.