## Hoskins v. Morgan.

(Decided June 2, 1933.)

M. C. BEGLEY for appellant.
L. D. LEWIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

The correctness of the judgment of restitution in a forcible entry and detainer case is involved on this appeal. We have nothing before us but the pleadings and the orders entered below, and the condition of the record is such that it is impossible to determine the exact nature and order of the steps taken. It appears, however, that Joe Morgan procured from H. B. Howard, a justice of the peace of Leslie county, a warrant of forcible entry and detainer against Z. R. Hoskins. A trial was had, and the following verdict was returned:

"We, the jury, do agree and find for the defendant this the 27th day of June, 1931."

The verdict was signed by three jurors and the presiding magistrate, but no judgment was entered. A paper purporting to be a bond for costs signed by Joe Morgan and Hugh Morgan and attested by H. B. Howard, J. P. L. C., was filed in the county court on July 3, 1931. The bond reads:

> "We undertake that the plaintiff, Joe Morgan, shall pay to the defendant, Z. R. Hoskins and the officers of the court all the costs which may accrue to them in this action either in the quarterly court, or other court, to which it may be carried."

This apparently was an effort to appeal the case to the Leslie county court.

On July 20, 1931, the county judge dismissed the case for want of jurisdiction. The case next appears on the docket of the Leslie circuit court, where the defendant's motion to dismiss it for want of jurisdiction was overruled. A trial was had before a jury, which returned a verdict finding the defendant guilty of forcible detainer, and a judgment of restitution was entered. The defendant's motion for a new trial was overruled, and he has appealed.

The practice in forcible entry and detainer cases is prescribed by chapter 8, secs. 452 to 469, inclusive, of the Civil Code of Practice. The procedure provided by the Code is exclusive of all other remedies. Berry v. Trice, 179 Ky. 596, 201 S. W. 37. A warrant for forcible entry or detainer may be issued by a justice of the peace or county judge of the county in which the land, or a principal part thereof, lies. Civil Code of Practice, sec. 454. If the case is tried in a court of the justice of the peace, an appeal does not lie to the county, or quarterly, court, but only to the circuit court, and, in order to give the circuit court jurisdiction, a traverse must be filed with the justice within three days next after the finding of which a party conceives himself aggrieved. Civil Code of Practice, sec. 463; Berry v. Trice, supra; Mayhew v. Kentucky River Coal Corporation, 238 Ky. 509, 38 S. W. (2d) 452; Black v. National Bank of Kentucky, 226 Ky. 152, 10 S. W. (2d) 629.

In the instant case, the traverse was not filed with the justice within the three-day period required by the Code, but was filed nearly five months after the trial

and finding of the jury in the justice's court. A bond was executed, but it did not recite that a traverse had been filed. The traverse bears the endorsement of the justice of the peace showing that it was filed on the—— day of November, 1931. In the circumstances, the circuit court was without jurisdiction, and the defendant's motion to dismiss the appeal should have been sustained.

For the reasons indicated, the judgment is reversed for proceedings consistent herewith.