## Newbold v. Bosler.

Nov. 3, 1944.

508

Hubert Meredith for appellant.

Cary, Miller & Kirk for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This is an appeal from a judgment of the Circuit Court dismissing, on motion, appellant's appeal to that tribunal from a judgment. of the County Court finding him guilty of a forcible detainer of appellee's property.

The basis of the Circuit Court's action was appellant's failure to execute the traverse bond required by Section 463 Civil Code of Practice within three days next after the finding, the verdict in the County Court having been rendered on March 28, 1944, and the bond having been executed on March 31st. Black v. National Bank of Kentucky, 226 Ky. 152, 10 S. W. 2d 629.

Appellant concedes that the rule that both the day on which the verdict is rendered and the day on which the bond is executed must be included in the computation is established in this jurisdiction, but defended the motion to dismiss on the grounds that he was not guilty of the forcible detainer charged against him, and was prevented from executing the bond within the three day period by reason of his inability to gain the attention of the Judge of the County Court after that official had improperly and arbitrarily refused to accept a surety on the bond which appellant offered to execute when he filed his traverse on March 29th. But the proof conclusively

shows that the surety offered by appellant on March 29th did not possess sufficient property to qualify him to act in that capacity, and that appellant, laboring under the impression that a bond executed on March 31st would be within the prescribed period, made no serious effort to tender a qualified surety until that date. It completely refutes the allegation that the County Judge acted either improperly or arbitrarily, notwithstanding which fact appellant insists that we should treat this case as within the equally well settled rule that where a defective bond has been executed within the three day period, the Circuit Court should not dismiss the appeal but should permit the substitution of a proper bond. Mayhew v. Kentucky River Coal Corporation, 238 Ky. 509, 38 S. W. 2d 452, and authorities therein cited. But, as pointed out in the case of Cox v. Allen, 188 Ky. 598, 222 S. W. 932, 933, quoting from Hargis v. Pearce, 7 Bush 234, ''the difference between an imperfect or defective bond and no bond at all is fatal to the appellant, and left the circuit court no jurisdiction.''

The Court also overruled appellant's motion to consolidate with the forcible detainer proceedings an equitable action instituted by him in the Circuit Court, on apparently meritorious grounds, to obtain relief from the alleged forfeiture; but since it was incumbent upon the Circuit Court, for the reasons pointed out, to dismiss the appeal in the forcible detainer proceedings, its consolidation with the equitable action would have been a useless gesture. Swanson v. Smith et al., 117 Ky. 116, 77 S. W. 700.

Whether or not the equitable defenses set forth in the petition in the independent action, and dwelt upon at length in appellant's brief, would have been entitled to prevail had they been presented, as they might have been, in defense of the forcible detainer proceedings in the County Court (Edwards-Pickering Co. et al. v. Rodes, 203 Ky. 95, 261 S. W. 884), we, as was the Circuit Court, are without jurisdiction to determine, since the Legislature has prescribed the period in which the bond must be executed in order to entitle the aggrieved party to a review, and our interpretation of that enactment has been too often reiterated to admit of change at our hands.

Judgment affirmed.