## Avery v. Davenport.
### Oct. 9, 1945.

866

Rodes K. Myers for appellant.

Rodes, Harlin & Willock for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This is an appeal from a judgment which dismissed an appeal from the County Court because the traverse of the finding in a forcible detainer proceeding had not been filed within the time specified by Section 463 of the Civil Code of Practice.

On the thirteenth of June, 1945, the appellee made complaint before the County Judge of Warren County that the appellant forcibly detained from her the premises at 334 Main Street, Bowling Green, and the County Judge thereupon issued the usual writ. Following a hearing, the Court, on July 10, 1945, found the appellant to be unlawfully in possession of the premises and entered a judgment to that effect. On July 13, 1945, the traverse provided for by Section 463 of the Civil Code of Practice, was filed and the record was thereafter filed in the office of the Clerk of the Circuit Court. Appellee filed a motion to dismiss the appeal because of the delay in filing the traverse, and on July 21, 1945, the Circuit Court entered an order dismissing the case, from which order this appeal was granted.

Section 463 of the Civil Code of Practice requires that the traverse of the finding of the original trial court must be filed within three days next after the finding. The filing of the traverse within three days was necessary to give the Circuit Court jurisdiction. See Berry et al. v. Trice, 179 Ky. 594, 201 S. W. 37; Hoskins v. Morgan, 249 Ky. 576, 61 S. W. 2d 30.

It is too well settled to admit of dispute that the day of the rendition of the judgment must be counted as the first of the three days within which the traverse must be filled. Black v. National Bank of Kentucky, 226 Ky. 152, 10 S. W. 2d 629, and cases cited therein.

While it is contended that the three days provided for in Section 463 of the Civil Code mean three judicial

days (Black v. National Bank of Kentucky, supra), the judgment in this case was entered on July 10th, which fell on Tuesday, and there were no intervening legal holidays between that date and Thursday, July 12th, which was the last day the traverse could have been filed. The traverse, being filed on July 13th, was filed too late.

Appellant presents two other contentions: First, he claims that the judgment was not actually signed or of record on July 10th. However, the record shows that the judgment was entered on July 10th, is dated the same day, and we are bound by the record. Second, it is claimed that his attorney did not receive a copy of the judgment and had no knowledge that it was entered until July 13th. This is not the unavoidable casualty and misfortune referred to in Section 518 of the Civil Code of Practice, and this plea has no merit. See Louisville Joint Stock Land Bank v. McMurry, 278 Ky. 238, 128 S. W. 2d 596; and Carter et al. v. Miller, 264 Ky. 532, 95 S. W. 2d 29.

The judgment of the Circuit Court in dismissing the appeal for lack of jurisdiction was correct and it is therefore affirmed.