## Allen v. Caldwell.

March 16, 1948.

Ray C. Lewis, Judge.

Charles C. Smith for appellant.

T. T. Burchell for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appeal is from a judgment of the Clay circuit court holding that appellant had forcibly detained property owned by appellee. Reference is made in our opinion in Bishop v. Caldwell, handed down on February 24, 1948, reported in 307 Ky., 209 S. W. 2d 74. That case and this were consolidated below, but came up on separate appeals. The Bishop case had to do with title to certain property, the main question being whether or not the description in the deed embraced only a part or all of the 70 acres of land involved.

In order to reach the question here presented it has been necessary to examine the record in the Bishop v.

Caldwell case, in which the court disposed of the controversy between appellee and appellant. From that record it appears that William Bishop died intestate in 1941, and appellant was then living on a portion of the property, and continued to live there after the property was conveyed to Mrs. Caldwell. While Mrs. Caldwell was testifying on the whole case she referred to the fact that in 1945, she had the quarterly court issue a writ of forcible detainer against Allen, and that court had on a hearing entered judgment finding him guilty, and it was agreed that Allen's appeal to the circuit court should be heard together with the other issue, as Allen was still in possession.

We have examined the proof in the Bishop-Caldwell record, and it appears that Allen was occupying the premises under some sort of arrangement, not clearly detailed, with the Couches. Mrs. Caldwell testified that there was no contract of rental between Allen and herself, and Allen fails to show any contract or agreement giving him the right of occupancy or possession, and we are of the opinion that the chancellor on the proof correctly adjudged that Mrs. Caldwell was entitled to possession.

Aside from this, when we turn to the Allen-Caldwell record, which contains the judgment in the Bishop case, we find that the quarterly court adjudged Allen guilty of forcible detainer, and while judgment was entered on January 9, 1945, copy of the judgment was not filed in the circuit court until January 15, 1945. Civil Code of Practice, Sec. 463, provides that the party aggrieved by the court's finding may file a traverse with the judge or justice trying the case within three days from the date of judgment, and for execution of a covenant to pay costs and damages resulting by reason of the traverse. The record fails to show the execution of bond in the trial court, though it does show the filing of an appeal bond in the circuit clerk's office on January 15.

We have held the provisions of the relative sections of the Code to be mandatory and jurisdictional. Berry v. Trice, 179 Ky. 594, 201 S. W. 37; Newbold v. Bosler, 298 Ky. 507, 183 S. W. 2d 481, and Avery v. Davenport, 300 Ky. 865, 190 S. W. 2d 663. It follows that the circuit court, not having jurisdiction, would have dis-

missed the appeal had proper motion been made, which action would have left the quarterly court judgment in effect. However, since the court reached a correct conclusion after hearing proof, the judgment must be and is affirmed.