# Royse v. Vigusin.

January 11, 1949.

J. A. Edge for appellant.

Lawrence Jenkins for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellee, the owner of a house and lot in Lexington, sought and obtained a writ of forcible detainer in Justice Jackson's court against her tenant, appellant Royse. On October 8, 1947, judgment was entered holding defendant guilty. On the 11th of October appellant filed traverse in the Justice's court and executed traverse bond. The record shows that all papers from the Justice's court were filed in the circuit clerk's office on the same day; on October 25 Vigusin filed motion to discharge the bond, dismiss the appeal because the traverse or appeal was not perfected in time.

Upon a hearing the circuit court sustained appellee's motion, dismissed the writ and remanded the cause to the Justice's court, and appeal to this court was granted.

Appellant in brief contends that the warrant was fatally defective, because it failed to allege that complainant was in the peaceable possession of the involved

property. The record fails to show that the question of sufficiency of the warrant was raised either in the Justice's court or in the circuit court. It is raised for the first time, as far as the record shows by a demurrer filed in this court. Since the failure to demur or move to quash the return on the warrant was waived by failure to present the question to the courts of first instance, it is too late to insist upon it on appeal to this court.

It is argued that the filing of the traverse was within the time fixed by Sections 461 and 463, Civil Code of Practice. Those sections provide that "If either party conceive himself aggrieved by the finding of the jury, he may file a traverse thereof with the judge or justice, within three days next after the finding aforesaid * * *," and "If the party against whom the inquisition is found fail to file a traverse * * * on or before the third day after the finding," then process may issue.

It is contended that the traverse was filed in accord with Section 463, on the third day after the finding. The same rule applies to both sections, that is, of counting as one of the three days the day on which the adverse finding was had. We have for a long time and consistently held this to be the correct method of fixing the last day for filing traverse.

In Roettger, etc. v. Riefkin, etc., 130 Ky. 197, 113 S. W. 88, issuance of an execution was involved. We held that the day of the judgment must be counted, and recently in Avery v. Davenport, 300 Ky. 865, 190 S. W. 2d 663, we wrote that it was too well settled to be open to discussion that the day of the judgment must be counted as the first of the three days allowed for filing traverse. Since the traverse here was not filed in time, the circuit court correctly discharged the appeal bond and dismissed the appeal.

Judgment affirmed.