## Chapman v. Baker.

January 31, 1950.

William B. Ardery, Judge.

Elwood Rosenbaum for appellant.

Robert S. Hammond for appellee.

CHIEF JUSTICE SIMS—Affirming.

This appeal is from a judgment of the Woodford Circuit Court dismissing an appeal from the Woodford County Court in a forcible detainer action because the traverse was not filed within the time specified by sec. 463 of the Civil Code of Practice. We have before us only the clerk's record of the pleadings and the orders entered by the county and circuit courts, and it is difficult to determine from it just what proceedings were had in the county court. We are compelled to rely upon a stipulation filed in the circuit court for a clarification of the record.

As we understand the record, Sam Baker on Sept. 10, 1949, caused the Judge of the Woodford County Court to issue a warrant against R. S. Chapman charging the latter with forcibly detaining from the former a house described in the warrant. The hearing of the warrant was set for Sept. 15th, but Chapman did not appear and a default judgment was entered on Sept. 16th finding him guilty of the detainer. The county court on Sept. 26th granted a new trial on the ground that defendant, by reason of a surgical operation, was incapacitated from attending the trial, and a second trial was set for Sept. 29th. However, Chapman did not appear in court on Sept. 29th and the county court "orally reinstated the judgment of Sept. 16th."

On Oct. 3rd, Chapman filed a motion for a new trial supported by his affidavit that he was unable to attend the trial on Sept. 29th because he was in bed as a result

of a surgical operation. On the same day (Oct. 3rd) defendant also filed in the county court a traverse and bond.

We must ignore the motion for a new trial since the procedure in this character of case is controlled solely by Chapter 8, secs. 452—469 of the Civil Code of Practice. This chapter of the Code does not provide for a motion for a new trial but sec. 463 says the aggrieved party may file a traverse within three days after the trial. The sole and exclusive remedy of the party aggrieved by an adverse finding is to traverse the inquest. Swanson v. Smith, 77 S. W. 700, 25 Ky. Law Rep. 1260; Mayhew v. Ky. River Coal Corp., 238 Ky. 509, 38 S. W. 2d 452; Hoskins v. Morgan, 249, Ky. 576, 61 S. W. 2d 30.

The second hearing in the county court was on Sept. 29th, but defendant did not file his traverse and bond until Oct. 3rd. The rule is that in computing the three days within which the traverse must be filed, the day on which the verdict is rendered (or if there is no jury, the day on which the decision is rendered by the court) and the day on which the bond is executed must both be counted. Sundays and legal holidays are excepted as the three days referred to in the Code are juridical days. Newbold v. Bosler, 298 Ky. 507, 183 S. W. 2d 481; Black v. National Bank of Ky., 226 Ky. 152, 10 S. W. 2d 629. In the present instance a Sunday intervened on Oct. 2nd, but by omitting this Sunday there are still four juridical days from Sept. 29th, to Oct. 3rd.

It is apparent that the traverse was not filed within three days, therefore the circuit court had no jurisdiction and properly dismissed the proceedings upon motion of appellee, Baker. Hoskins v. Morgan, 249 Ky. 576, 61 S. W. 2d 30; Avery v. Davenport, 300 Ky. 865, 190 S. W. 2d 663.

The judgment is affirmed.