# Thurman et ux. v. Doss et al.

April 18, 1950.

A. J. Bratcher, Judge.

Frank A. Logan and Meredith, Iler & Logan, for appellants.

C. A. Denny for appellees.

JUDGE HELM—Reversing.

Appellee, Belle Doss, plaintiff below, alleges that she "is the lawful owner and entitled to the possession of" a described lot of land; that appellant wrongfully entered upon and took possession of a portion of that lot, "a strip along the eastern line of her said lot, 24 feet in front and about 40 feet on the back." She asked for possession and damages in the sum of $500. On motion of appellants, appellee, Belle Doss, filed copy of her deed.

Appellants, in their answer and counterclaim, denied the allegation of plaintiff's petition, and plead that they "are the owners and in actual possession of a described lot of land in Cleaton, Muhlenberg County." They plead that their described lot "includes that strip

of land described in plaintiff's petition as being 24 feet in front and 40 feet on the back line.'' · They plead a prior, older, and outstanding conveyance of which appellees had constructive or actual notice at the time they purchased their property from a common grantor. They asked for damages in the sum of $350, and for a judgment quieting their title to the land described in their answer and counterclaim.

In their reply, appellees plead and rely upon KRS section 372.070. By agreement, the affirmative matter of the reply is controverted of record.

By agreement of the parties the case was ''transferred to the equity docket for trial'' and ''heard by the court on oral testimony.'' After hearing the evidence the court adjudged that the ''Plaintiff, Mrs. Belle Doss, is the owner'' of the tract of land described in her petition. Appellants were enjoined from interfering with appellee's possession of her described lot, and were directed to remove a wire fence erected by them. Appellants appeal.

W. N. Drake, who died May 15, 1942, was the owner of a tract of land at Cleaton, in Muhlenberg County. On July 1 1942, his heirs—his four children—conveyed to J. G. Mitchell a lot, a part of that tract, in Cleaton. The deed, after being acknowledged by the heirs who lived at different places, was lodged for record on August 4, 1942. By mesne conveyances, appellants became the owners of this tract September 30, 1947. By deed dated September 16, 1942, appellee, Belle Doss, became the owner of an adjoining lot, a part of the W. N. Drake tract. Her deed was acknowledged by the various Drake heirs in September and October, 1942, but was not recorded until September 11, 1944.

For Mrs. Doss it was shown that she took about two years to pay for her place; she did not get her deed until she had paid for it; she moved on her lot about five months after Mr. Drake died; she claimed it up until the time Mr. Thurman took possession of the small strip in dispute; Mr. Thurman told her his deed covered the strip in dispute; he built a wire fence around the part he claimed; her lot included the strip of land Mr. Thurman took from her; Mr. Hope, whose wife was Florence Hope, lived there until Mrs. Doss moved on the lot.

B. E. Hess, Civil Engineer, surveyed the lots, including the strip in dispute. He made and filed a small map showing the lots and the strip in dispute. That strip is on the east side of Mrs. Doss' lot. He pointed out to the court the location of the respective lots, and of the strip in dispute.

Lorene Sears, daughter of W. N. Drake, stated that she doesn't remember whether anyone was living in Mrs. Doss' place at the time she sold it; if anyone was, it was Mrs. Hope. She didn't deliver Mrs. Doss' deed to her until Mrs. Doss had made her last payment. When Mr. Mitchell bought his property, he paid for it and she and the other heirs delivered a deed to him.

Mrs. Margaret Pack testified that she bought the property appellants now own at Cleaton from her father, J. G. Mitchell. She bought it in August, 1942, and moved in the first week in September, 1942. Mr. and Mrs. Hope were living in the property where Mrs. Doss now lives when Mrs. Pack's father bought the Thurman place from the Drake heirs. At the time Mrs. Pack moved into her home the Hopes were still living in the Doss house. They did not move out until the late fall or early winter of 1942.

At the trial it was stipulated that the Mitchell deed was an older conveyance than that of Mrs. Doss. A copy of each deed was filed and made a part of the record. It was stipulated that "the deed from the Drake heirs to Mitchell is an older conveyance than the deed from the Drake heirs to Mrs. Doss, and that the Mitchell deed was recorded at the time the Doss deed was made." Counsel agreed that the titles of their respective clients go back to common grantors, the heirs of W. N. Drake. It was stipulated that "each of the parties, both plaintiffs and defendants, have an unbroken chain of title to a common source." That is, the heirs of W. N. Drake. A copy of each of the deeds in the chain of title of appellants was filed and made a part of the record.

Appellee's petition is a plea in ejectment. She pleads that appellants are in possession of a strip of land of which she is the lawful owner and to the possession of which she is entitled. She prays that she be awarded the possession of that disputed strip of land. In 7 West K. Digest, Ejectment, Key 9(3) it is said:

"Plaintiff in ejectment must recover on the strength of his own title, not on the want of title, or weakness of title of adversary." This rule is supported by numerous cases cited in the above section of the Digest.

The parties claim title through common antecedents. In the recent case of Daniel v. Powell, 304 Ky. 52, 199 S. W. 2d 715, 718, we said: "To prove title in an action in ejectment, plaintiff must establish his right by a connected record title to a common source or the Commonwealth, or by establishing continuous fifteen years actual adverse possession. Engle v. Walters, 282 Ky. 732, 140 S. W. 2d 402."

In the present case it is admitted that appellees have not had adverse possession of the property in controversy for the statutory period. Appellee, Mrs. Doss, has paper title—a deed dated September 16, 1942, and recorded September 11, 1944—for her tract, the boundary of which embraces the strip in dispute. But appellants have an older, prior paper title, a chain of title going back to a deed dated July 1, 1942 and recorded August 4, 1942, the boundary of which embraces the land in dispute.

Appellees plead champerty, but the champerty statute is for defense only, and can not be used as an offensive weapon against the possessor. Caldwell's Adm'r v. Shepherd's Heirs, 6 L. B. Mon. 637, 22 Ky. 389; Moran v. Higgins, 19 K. L. R. 456, 40 S. W. 928.

It follows that appellees' petition should have been dismissed.

The judgment is reversed for proceedings not inconsistent with this opinion.