## Royse v. Kentucky Female Orphan School, et al.

June 6, 1950

Chester D. Adams, Judge

J. A. Edge and Lena M. Craig, for appellant.

Lawrence C. Jenkins and Craig Bradley, Jr., for appellees.

VAN VANT, COMMISSIONER—Affirming.

On the 24th day of July, 1944, appellee, Kentucky Female Orphan School and appellant, Homer B. Royse, entered into a contract whereby the School leased to Royse certain premises on West Main Street in the City of Lexington for a term of ten years. The lease contained the following provision:

"Second party agrees to purchase said property at any time that first party may desire to sell same at a price of forty five hundred ($4,500) dollars and * * *"

The lease was fully complied with by both parties until the 25th day of July, 1947 when the School sold and conveyed the property to its coappellee, Fannie Vigusin, for a consideration of six thousand ($6,000) dollars. In the meanwhile, to-wit, May 1, 1946, the School and Royse entered into a contract of sale, whereby Royse agreed to purchase the property at six thousand ($6,000) dollars, one hundred ($100) dollars of which was paid on the execution of the agreement and twenty nine hundred ($2,900) dollars of which was to be paid in cash, provided a "good and sufficient fee simple deed is made by

the first party unto the second party on May 24, 1946." The balance of three thousand ($3,000) dollars was to be satisfied by deferred payments, evidenced by a written promissory note. On the 18th day of May, 1946, the School duly caused to be drafted, executed, and acknowledged a deed to Royse for the property, in accordance with the provisions of the contract of May 1st. The evidence for appellees shows that this deed was tendered to Mr. Royse who refused to accept it on the ground that he did not have the money to make the payments required by its terms. Appellant, however, testified that the deed was never tendered to him.

The property was conveyed to Miss Vigusin subject to appellant's rights under the contract of lease, and appellant paid the rentals called for by that contract until a controversy arose between them resulting in her successful prosecution of a writ of forcible detainer against him. Royse v. Vigusin, 309 Ky. 89, 216 S. W. 2d 892. After the opinion in the above styled case was rendered, this action was instituted by appellant against the School. Miss Vigusin was made a party defendant by subsequent pleading.

The action was commenced to enforce appellant's alleged "right" to purchase the property at $4,500 under the provision of the lease which we have quoted. Five amendments to the petition were filed, in the fourth of which appellant pleaded the contract of May 1, 1946, and thereunder asserted an additional right to purchase the property for the sum of $6,000 claiming credit on the purchase price for the $100 paid on the execution of the contract, $1,000 for making improvements on the property (which he was compelled to do under the contract of lease whether or not he thereafter should become the purchaser), $400 for additional improvements, allegedly made by verbal agreement of the parties, all of which total $1,500, the exact difference between the purchase price stipulated in the contract of sale of May 1, 1946 and the refusal price contained in the contract of lease dated July 24, 1944. On motion of appellees, appellant was required to elect whether he would prosecute the suit under the contract of lease or under the contract of sale. He elected to rely on the contract of sale.

In the meantime, appellant had paid $4,500 to the clerk of the Fayette Circuit Court as a tender of the

purchase price recited in the contract of lease. No additional tender was made. Evidence was taken by depositions and the case submitted to the Chancellor who entered judgment dismissing the petition as amended and declaring Miss Vigusin to be the owner of the fee-simple title to the property.

Appellant contends the judgment should be reversed as to appellee Vigusin under his plea of champerty. He next contends that it should be reversed as to the School because the deed joined his wife with him as a grantee, therefore, did not conform to the contract entered into between him and the School, and he has performed his part of the contract of sale by tendering $4,500 to the School and paying it into court.

After several vain attempts to state a cause of action under the contention that he had an option to purchase the property for $4,500 under the provision of the lease contract we have quoted, appellant finally pleaded the contract of purchase, and abandoned his plea under the contract of lease. Despite this fact, his testimony was directed mainly to his alleged right to purchase the property under the lease contract; and the argument of his counsel is based on his possession and alleged right to become the owner of the property under the lease contract. One of the contentions in the argument is that Miss Vigusin's deed was champertous because she knew he was in possession of the property and entitled to purchase it under the alleged option when she obtained her deed.

The plea of champerty is available to a party only in defense of a claim asserted against him by another and is based on possession adverse to his adversary's grantor. Thurman v. Doss, 312 Ky. 603, 229 S. W. 2d 317, and cases therein cited. Appellant is not defending a claim asserted against him, he is prosecuting a claim against his former lessor and the latter's grantee who was in possession of the property when this suit was filed. Nor was he claiming title to the property or even possession adverse to his lessor at the time of its sale to Miss Vigusin. Nor does he now, nor did he then or at any intervening time, claim to be the actual owner, he claims merely to be entitled to become the owner upon payment of $4,500. For these reasons his plea of champerty is unavailing.

In the contract of lease, whether he eventually should become the owner or not, appellant agreed to expend $1,000 in repairs and improvements to the property. In asserting his right to purchase under the contract of May 1, 1946, appellant pleaded that the $1,000 to be expended on the property later was increased to $1,400 by agreement and it was understood between him and that School that that sum was to be credited on the $2,900 cash payment recited in the contract, which would leave a balance of $4,500 due on the purchase price and which amount he has demonstrated he can and is willing to pay upon determination that he is entitled to have the contract enforced.

Assuming his testimony on the cost of repairing and improving the property to have been competent to vary the terms of the written agreement, it was not sufficiently definite to prove the claim. He was asked the following questions and made the following answers:

"Q. 12. Mr. Royse what repairs or improvements have you made on this property? A. I put in windows and put in the floor, covered the outside and painted it, papered the rooms upstairs, plastered it, fixed the roof I put in sink and painted the inside of the store building. I spent money fixing the roof it leaked in three or four places and I fixed them and the paper was leaked on and I had to plaster the walls and paper them. I have got the tickets for what all I spent.

"Q. 13. What did you spend? A. It it—is something close to $347.00 without the labor.

"Q. 14. How much was the labor? A. It was about $350.00.

"Q. 15. What else did you do towards spending this $1000.00? A. Well I know I was out $1450.00 last year and over in fixing the property up."

$1,450 is a relatively large sum of money to spend on repairs and improvements, the materials and labor for which amount to only $700.

George H. Scott, Treasurer of the School, was the sole agent of the School in its negotiations with appellant. He testified that it was never the intention of the parties that Mr. Royse should have an option to purchase at $4,500 or at any sum less that $6,000. He stated

that he tendered the deed to appellant shortly after it was executed and appellant refused to accept it stating he did not have the money. He was corroborated by three other witnesses. In addition to the testimony for defendants, appellant in the forcible detainer action claimed right of possession as tenant of Miss Vigusin not as owner or under claim of right to purchase. Considering the evidence as a whole, we think appellant failed to prove he is entitled to a credit on the agreed purchase price for money spent on repairs and improvements.

Nor do we think the naming of appellant's wife as grantee has any bearing on the question. The School could have had no objection to the elimination of her name had such been made the basis for rejecting the deed, and appellant does not even contend that he objected to the deed on this account.

We are of the opinion the court correctly dismissed the petition and correctly determined the title to the property to be in Miss Vigusin.

Appellant would have been in no better position had he elected to rely on the alleged option contained in the contract of lease. The provision of the lease relied on amounted to no more than the grant of a right of refusal, should the School ever offer the property for sale at $4,500.

The judgment is affirmed.