BALLARD et al. v. MOSS et al.

Court of Appeals of Kentucky.

March 12, 1954.

Rehearing Denied June 11, 1954.

R. C. Northcutt and Stanley Chrisman, Covington, for appellants.

James R. McGarry and Ralph P. Rich, Covington, for appellees.

DUNCAN, Justice.

This action grows out of a boundary line dispute involving title to a strip of land 1.2 feet in width and 150 feet in depth, located in South Fort Mitchell, Kenton County, Kentucky. The location fixed by the lower court, in effect, adjudges title in appellees.

The adjoining lots of the parties, each with dimensions of 45 by 150 feet, are located in Emile Rivard subdivision, as indicated by a plat duly recorded in the office of the county court clerk. Appellants' lot, acquired on February 6, 1930, consists of the west 40 feet of lot No. 9 and the east 5 feet of lot No. 10. Appellees' property, adjoining appellants' lot on the east, was acquired on March 16, 1942, and consists of the west 35 feet of lot No. 8 and the east 10 feet of lot No. 9.

Shortly after the acquisition of their lot, appellants built their residence and a garage. They also set out in 1930 a row of trees and shrubbery along what they then considered their east boundary line. Appellants apparently treated this line of trees and shrubbery as their east boundary without interference or complaint until appellees acquired their lot and constructed their residence in 1942. The extent to which the trees were thereafter recognized as the boundary is in sharp dispute. In 1949, appellees procured the services of a surveyor to determine the exact location of the boundary line. According to the location made by this surveyor, the trees and shrubbery were on appellees' lot by 1.2 feet, and the eaves of appellants' garage extended across the line by the same distance. Appellees thereupon cut the trees and shrubbery, and this action followed.

Appellants' petition, styled in equity, sought damages for the removal of the trees and a temporary and permanent injunction against further trespass. Appellees' answer and counterclaim alleged that the trees, as well as a part of appellants' garage, were located on their side of the line, and sought damages on account thereof together with an order requiring removal of the garage. The case was referred to the master commissioner who, after hearing proof, reported that the correct location of the line was as contended by appellees. Judgment was entered confirming the report and denying appellants' claim

for damages, but decreeing that appellants had acquired title by adverse possession to such land on appellees' side of the line as was actually covered by the garage or overhung by its eaves. No cross-appeal is prosecuted from that part of the judgment which is favorable to appellants.

In addition to questioning the procedure which was followed, appellants present three basic complaints. First, they insist that the line is incorrectly located by the judgment. As a second and third proposition, they assert that in any event they acquired title by adverse possession to the line marked by the row of trees and that appellees' deed was champertous to the extent that it may have conveyed land beland or on appellants' side of that line.

On the question of location, the evidence is conflicting. Appellants' surveyor, Joseph Hermann who originally laid out the Rivard subdivision, testified that according to his location the trees and garage were located entirely on appellants' side of the line. On the other hand, L. E. McCartt, the surveyor employed by appellees, places the trees and the eaves of the garage on their side of the line. This evidence is irreconcilable, and the respective plats are inconclusive and unenlightening.

Hermann began his measurement at the east line of the Rivard subdivision, which is the west line of the Beechwood school property, and McCartt began measuring at the west line of the Rivard subdivision, which is the east line of the Blakely subdivision. Lots 7, 8, 9, and 10 of the Rivard subdivision, bounded by the Beechwood school property on the east and the Blakely subdivision on the west, have a combined frontage of 200 feet, as indicated by the plat of the Rivard subdivision. Ashton Road is a paved street extending in front of these lots and is shown by the plat as ending at the Beechwood school property. There is some testimony that Ashton Road has a length of 201 feet rather than 200 feet. If the end of this street is treated as the line of the Beechwood school tract, there would necessarily be a discrepancy of 1 foot in the location of the dividing line between the several lots. If the measurement is commenced at the east end of Ashton Road, the several lines would be located 1 foot farther east than if the measurement is commenced at the west line of the Rivard subdivision. Under this record, we have no satisfactory way of determining which survey is correct. When we accord to the finding of the Chancellor the weight to which it is traditionally entitled, we have no alternative but to sustain his finding with respect to the location of the division line.

Turning to the evidence concerning appellants' adverse possession to the line which they claim, we find it equally as conflicting as the evidence with reference to the location of the line. The statutory period had not expired when appellees acquired their lot in 1942. Appellees testified that since that date they had exercised possession beyond the line which appellants claimed by trimming and caring for the trees and shrubbery and cutting the grass on appellants' side of the trees. Although this testimony is contradicted by appellants, we cannot ignore it in measuring the sufficiency of the evidence to support the finding of the Chancellor.

In order to acquire title by adverse possession, the possession of the claimant must not only be actual but so continuous as to furnish a cause of action in ejectment or for trespass every day during the statutory period of fifteen years. Fordson Coal Co. v. Collins, 268 Ky. 331, 104 S.W.2d 985; Stephens v. Kidd, 298 Ky. 38, 181 S.W.2d 688. Under appellees' version of the facts, the appellants' possession to the row of trees was not sufficient to meet this test.

Appellants further contend that appellees' deed was champertous if construed as attempting to convey title to any land on appellants' side of the trees. They insist that even if they should fail in establishing title by adverse possession their plea of champerty should have been sustained and they should have been awarded title to the line which they claim.

█ A plea of champerty is available to a party only in defense of a claim and may never be invoked affirmatively to establish title to land. Royse v. Kentucky Female Orphan School, 313 Ky. 428, 231 S.W.2d 704; Thurman v. Doss, 312 Ky. 603, 229 S.W.2d 317. It is a defense within the class often described as a shield rather than a sword and was not available to appellants in establishing their title.

█ Finally, it is insisted that the court erred in not transferring the case to the ordinary docket for trial before a jury. The suit was originally filed in equity and no formal motion was ever made to transfer to the ordinary docket. On December 10, 1951, more than two years after the suit was filed, and after the case had been referred to the master commissioner, a motion was filed to set aside the order of reference on the ground that the pleadings made a common-law issue. Even if we should regard this as a motion to transfer, it came too late and the court was not required to consider it. A motion to transfer from the equity to the common-law docket must be seasonably made. Schenk v. Schenk, 240 Ky. 237, 41 S.W. 2d 1102; Hobbs Bros. Drilling Co. v. Cooper, 236 Ky. 18, 32 S.W.2d 542. The motion here was later than in either of the cited cases, and we there held that they were not seasonably made. The rule is one which will not concern attorneys and courts under the new Civil Rules providing for one form of action. Therefore, no useful purpose would be served by an extended discussion concerning its application.

The judgment is affirmed.